**STATE of Missouri, Respondent,**

v.

**James Nathaniel MOORE, Appellant.**

No. 48804.

Supreme Court of Missouri, Division No. 1.

Feb. 12, 1962.

Samuel Raban, St. Louis, for appellant.

Thomas F. Eagleton, Atty. Gen., Charles H. Sloan, Sp. Asst. Atty. Gen., for respondent.

HYDE, Judge.

■ Defendant was convicted of forcible rape (Sec. 559.260, statutory references are to RSMo and V.A.M.S.) under the Habitual Criminal Act (Sec. 556.280) and sentenced to 45 years' imprisonment. Defendant has appealed but filed no brief so we consider all assignments properly made in his motion for new trial. State v. Stehlin, Mo.Sup., 312 S.W.2d 838. Four grounds were assigned.

■ The defense was alibi but defendant was positively identified by the prosecuting witness and he raises no question as to the sufficiency of the evidence to support the jury's verdict of guilty as charged in the indictment or as to the correctness of the court's instructions. Therefore it is only necessary to say that the evidence showed that the prosecuting witness, while walking on the sidewalk of a street in St. Louis, early in the evening of November 26, 1960 was seized by defendant, who came up behind her. She fainted and while unconscious was dragged through a gangway or alley into a yard near an apartment house. She regained consciousness while defendant with his hand on her throat, choking her, was having sexual intercourse with her. The first and third grounds of defendant's motion relate to the opening statement of the State. Defendant's first ground was that his motion for discharge at the close of the opening statement should have been sustained because it did not include all the elements necessary to sustain the charge of rape. This ground is without merit for the reasons stated in the State's brief, as follows: "The elements of forcible rape are carnal knowledge, force, and commission of act 'without consent' or 'against the will', of the woman. See State v. Egner, 317 Mo. 457, 296 S.W. 145. There was reference to carnal knowledge when the State's attorney said in his opening statement that defendant '* * * was in the act of having sexual intercourse' with the complaining witness. The force employed was mentioned in the opening statement when the assistant circuit attorney said the victim was '* * * seized from behind and dragged into gangway * * *'. The matter of 'without consent' was properly covered when a reference was made to the fact that the victim lost consciousness prior to the original consummation of the act." (See also State v. Jones, 363 Mo. 998, 255 S.W.2d 801, 805; State v. Deppe, Mo.Sup., 286 S.W. 2d 776, 780.)

Defendant's third ground was that the court should have declared a mistrial on his motion because of reference in the opening statement to an additional crime of robbery by defendant. This was the statement that upon completing intercourse with the prosecuting witness defendant reached into her coat pocket, took her wallet and then got up and fled through the gangway. The court overruled that motion "because it is part of the res gestae." This ruling was correct. (See State v. Rasco, 239 Mo. 535, 575, 144 S.W. 449; State v. Harrison, 263 Mo. 642, 658, 174 S.W. 57; State v. Ward, 337 Mo. 425, 85 S.W.2d 1, 6; State v. Quilling, 363 Mo. 1016, 256 S.W.2d 751, 753; State v. Martin, Mo.Sup., 275 S.W.2d 336, 338; State v. White, Mo.Sup., 301 S.W.2d 827, 829; State v. Swinburne, Mo.Sup., 324 S.W.2d 746, 753, and cases cited; State v. Varner, Mo.Sup., 329 S.W.2d 623, 627; State v. Lunsford, Mo.Sup., 338 S.W.2d 868, 872.)

Defendant's other two points relate to introduction of certain exhibits. Defendant's ground Two was that the court made voluntary and gratuitous explanation of exhibits 1, 2, 3 and 4 when they were introduced by the State at the close of the State's case, which amounted to a comment on the evidence. Defendant's ground Four alleges error in the admission of these and other exhibits. Exhibits 1, 2, 3 and 4 were photographs showing views of the scene of the offense, including nearby buildings. Upon objection that they did not portray conditions of the scene at the time the act occurred, the court sustained the objection as to Exhibit 2 and admitted the others explaining that they were received only to show the location and relation of objects, pointing out differences such as time of day and weather conditions. No objection was made to this explanation so this objection as to Exhibits 1, 3 and 4 is eliminated. Defendant's objection to the admission of these exhibits was that they did not reflect actual conditions at the time of the alleged rape. However, the differences shown were that they were taken in the daytime rather than at night and showed snow on the ground which was not there on the evening involved. These differences were shown in the evidence and stated by the court in admitting them. (See State v. Lindsey, Mo.Sup., 80 S.W.2d 123, 125; State v. McGee, 336 Mo. 1082, 83 S.W.2d 98, 107.) We hold it was not error to admit these photographs. Exhibits 5, 6, 7, 8 and 9 were then offered (articles of clothing) and received. Objection was made to 5 (slip) and 6 (panties) on the claim of alteration by the Police Laboratory due to a chemical stain which defendant's counsel said might give the jury the false impression that colored spots on these garments was blood. However, when the court said he would state to the jury that this was a chemical stain and not blood, defendant's counsel said he would withdraw his objection. This statement was made so the issue as to Exhibits 5 and 6 is eliminated.

Exhibits 7, 8 and 9 were defendant's hat, pants and shorts. Defendant's objection as to them was: "The objection is that they would be requiring the defendant to testify against himself, that there is no showing that they were voluntarily given to the police department, there is no showing that they were procured as a result of a search warrant, and the evidence shows that they were in the possession of the defendant, and to use that would be requiring the defendant—would be invading the constitutional rights and requiring him to testify against himself; it would be a violation of his constitutional privileges."

The record shows no motion to suppress. The hat and pants were identified by the prosecuting witness as resembling those worn by defendant at the time of the assault. The hat, pants, shorts were taken from defendant after his arrest and his identification by the prosecuting witness. Tests at the Police Laboratory showed presence of seminal fluid on Exhibits 5, 6 and 8 but the test on Exhibit 9 (shorts defendant was wearing when arrested) was negative. Under our rulings in State v.

Johnson, Mo.Sup., 286 S.W.2d 787, 792, and State v. Pruett, Mo.Sup., 342 S.W.2d 943, 945, and cases cited in those cases, we hold that Exhibits 7 and 8 were properly admitted. Exhibit 9 proved nothing and so was immaterial but under the circumstances, its admission could not have been prejudicial.

We have examined the record as required by Rule 28.02, V.A.M.R., and find no error respecting the sufficiency of the indictment, verdict, judgment and sentence.

The judgment is affirmed.