**STATE of Missouri, Plaintiff-Respondent,**

v.

**Robin Lewis ABRON, Defendant-Appellant.**

**No. 34889.**

Missouri Court of Appeals,
St. Louis District,
Division 1.

March 6, 1973.

William B. Spaun, Hannibal, for defendant-appellant.

John C. Danforth, Atty. Gen., Jefferson City, Harold W. Barrick, Ralls County Pros. Atty., New London, James Millan, Pros. Atty., Pike County, Bowling Green, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for plaintiff-respondent.

WEIER, Judge.

The defendant was found guilty of rape by a jury in the Circuit Court of Pike County and was sentenced to eight years in the custody of the Missouri Department of Corrections. On appeal, defendant does not complain of the sufficiency of the evidence to support the conviction. We will, therefore, not relate any of the details of the savage assault that accompanied the commission of the crime of rape and resulted in numerous cuts on the body of the victim requiring fifty to sixty sutures and seven days' treatment in a hospital. The appeal is primarily based upon the contended insufficiency of the information in that it did not include the allegations "without the consent" or "against the will" in its charge of the crime of forcible rape. The defendant submits that the crime of forcible rape requires that carnal knowledge must be had of a woman against her will or without her consent and that this element was not pleaded in the information. Further arguing, the defendant stresses that since this essential element is absent from the allegations in the information, the information is defective and does not charge defendant with the crime of rape by force. The cases of State v. Egner, 317 Mo. 457, 296 S.W. 145 (1927), and State v. Deckard, 426 S.W.2d 88 (Mo.1968), are relied on by defendant as authorities to support this contention of error. As stated in *Egner,* 296 S.W., 1.c. 146, at common law there are three elements which must be present to constitute the crime—carnal knowledge, force, and the commission of the act without the consent or against the will of the woman. The court noted that the phrases "against the will" and "without the consent" mean exactly the same thing. In *Deckard,* 426 S.W.2d, 1.c. 90, the essential elements of the crime of rape are set forth as " * * * (1) carnal knowledge, (2) force, (3) against the will or without

the consent of the woman." It is obvious from these authorities that the essential elements for the crime of forcible rape in Missouri include reluctance and resistance on the woman's part. But the question actually posed by defendant is not whether this element is or is not an essential part of the crime of forcible rape, but whether it is necessary to allege that the act was committed against the will or without the consent of the victim in the indictment or information.

▉ It is the rule in this State that it is sufficient to allege the offense in the indictment or information in the words of the statute, where the statute describes the entire offense by setting out the facts which constitute it. If the indictment or information specifies the facts constituting the offense charged, it is sufficient. But if the statute creating the offense uses generic terms in defining the offense and does not individuate the offense with such particularity as to notify the defendant of the act which he is alleged to have committed, then the indictment or information is defective. State v. Hasler, 449 S.W.2d 881, 884 (Mo.App.1969).

▉ We turn to the statute. That part of § 559.260, RSMo 1969, V.A.M.S., pertinent to the crime here charged, reads: "Every person who shall be convicted of rape * * * by forcibly ravishing any woman of the age of sixteen years or upward, shall * * * be punished by imprisonment in the penitentiary for not less than two years, * * *." The information charging defendant with a violation of this statute asserted that he did "* * * with specific and criminal intent, knowingly, maliciously, unlawfully, wrongfully, willfully, on purpose, deliberately, premeditatedly, feloniously, and of malice aforethought, assault and rape one Thelma Jean Bolden by forcibly ravishing the said Thelma Jean Bolden, and having sexual intercourse with the said Thelma Jean Bolden by means of force, threats and injury to the person of the said Thelma Jean Bolden,

* * *." The phrases "without the consent" or "against the will" are not found in this charge. Defendant, however, overlooks the fact that the information charges rape "by forcibly ravishing" the victim. The word ravish means more than to merely have sexual intercourse. It implies force, and means to have carnal knowledge of a woman by force and against her will. State v. Berezuk, 331 Mo. 626, 55 S.W.2d 949, 952 (1932). "Rape" and "ravish" are synonymous terms. State v. Berry, 237 S. W.2d 91, 92 (Mo.1951). When the crime of rape by forcible ravishment was charged in the information, it followed the wording of the statute and included the element of non-volition or non-consent. The words of the statute are specific and not generic. The crime of forcible rape is a specific charge with a well-defined meaning as is indicated by *Egner* and *Deckard,* the cases cited by defendant in this appeal. Charging an accused with the crime of forcible rape in the information by framing the charge in the words of the statute has been approved in State v. Cooley, 289 S.W. 807, 809 [1] (Mo.1926); State v. Preslar, 318 Mo. 679, 300 S.W. 687, 690 [5] (1927); and State v. Gray, 423 S.W.2d 776, 781 [4] (Mo.1968). Here the charge followed the exact language of the statute, "rape * * * by forcibly ravishing" the victim. There was no need to expand by including the various elements of the crime. Defendant could not have been misled by the charge and he need have no fear of double jeopardy.

Defendant's further contention that the court erred in giving the main verdict directing instruction because the information did not state the crime of forcible rape and was therefore not justified is without merit. As we have previously demonstrated, the charge of forcible rape as set out in the information did include by definition the essential elements of the crime. The instruction which required the jury to affirmatively find beyond a reasonable doubt that defendant carnally knew the victim and that this carnal knowledge was by

force and against the victim's will properly required the jury to find the elements required before it could convict the defendant of the crime of rape.

Finding no error, the judgment and the sentence of the court is affirmed.

DOWD, C. J., and CLEMENS and McMILLIAN, JJ., concur.