STATE of Missouri, Respondent,

v.

Preston Lee BADY, Appellant.

No. 38076.

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 31, 1978.

Robert C. Babione, Public Defender, James B. Ashwell, Asst. Public Defender, St. Louis, for appellant.

George A. Peach, Circuit Atty., Nanette Laughrey, Asst. Circuit Atty., Paul Robert Otto, Asst. Atty. Gen., St. Louis, for respondent.

SMITH, Judge.

Defendant appeals from his conviction by a jury of manslaughter and his resultant ten year sentence imposed by the trial court because of the jury's inability to assess punishment. We affirm.

The evidence supported a finding that defendant, without justification, stabbed and killed his wife following a protracted drinking session and domestic quarrel. Defendant testified the stabbing occurred as a result of his efforts to defend himself from a knife attack by his wife.

▉ Defendant's only point on appeal is that the court erred in permitting a child (eight years old at the time of trial and seven when the stabbing occurred) to testify. The child had lived with defendant and his wife since he was approximately a year old and regarded them as his parents. He was the only person present when the stabbing occurred, other than defendant and the victim. Defendant's objection to his testimony is based upon the contention that because of his emotionally upset condition at the time of the stabbing he did not have the mental capacity to truly observe and register the occurrence. This is the second of four tests of competence of children to testify as enunciated in *Burnam v. Chicago Great Western R. Co.*, 340 Mo. 25, 100 S.W.2d 858 (1936). Determination of competency of a witness is within the discretion of the trial court and is not subject to review in the absence of a clear abuse of discretion. *Burnam v. Chicago Great Western R. Co., supra, State v. Watson,* 536 S.W.2d 59 (Mo.App.1976) [1].

▉ We find no abuse here. In his in-chambers interrogation and his in-court testimony, the witness clearly demonstrated his observation and recollection of the incident. The alleged emotional upset purportedly resulted from defendant scolding him shortly before the stabbing occurred. The scolding was minor in nature and does not indicate severe trauma. Arguments and drinking were common in the home and there is no indication they caused any particular upset to the boy. The testimony

given was direct, straightforward, and lacking in confusion. Slight discrepancies, if in fact they were discrepancies, go to the weight of his testimony, not its admissibility. The testimony was also corroborated in part by the defendant's admission when arrested that he had stabbed his wife during a domestic quarrel. The state carried its burden of demonstrating the competency of the child to testify.

Judgment affirmed.

CLEMENS, P. J., and McMILLIAN, J., concur.