STATE of Missouri, Respondent,

v.

**Arthur SALLARD, Appellant.**

**No. KCD 29137.**

Missouri Court of Appeals,
Kansas City District.

Feb. 27, 1978.

Clifford A. Cohen, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Arthur Sallard was convicted of assault with intent to do great bodily harm without malice, § 559.190, RSMo 1969, and sentenced to five years confinement.

Sallard does not challenge the sufficiency of the evidence but only asserts error in the admission of rebuttal evidence. Affirmed.

After Sallard left a convenience store the clerk called the police to report Sallard had taken some film and flash cubes without paying. Officer Wright of the Kansas City Police Department drove to the vicinity of the store and observed Sallard walking down the street. Officer Wright got out of his car and requested Sallard to stop. After Sallard walked some distance, he turned around and appeared to comply with the officer's request that Sallard go to the police car. When Sallard drew near the car the officer attempted to place handcuffs on him. A struggle ensued during which Sallard attempted to obtain the officer's gun. In the course of the struggle the gun was freed from the holster and Officer Wright was shot in the leg. Sallard also was shot in the leg during the struggle.

In his testimony Officer Wright stated he had requested Sallard to display some identification. In his testimony Sallard denied the officer had requested any identification.

The State was permitted to recall Officer Wright in rebuttal to testify he had not requested any identification from Sallard because he had been in contact with Sallard on previous occasions. Sallard testified in rebuttal he had no previous contact with Officer Wright. Officer Wright was permitted to testify again in rebuttal that he had contact with Sallard on previous occasions at two specific addresses in Kansas City.

Sallard complains first of the action of the court in permitting Officer Wright to testify the first time in rebuttal and in a separate point complains of the admission of the second rebuttal testimony by the officer. Both points are bottomed on the

claim the testimony was not proper rebuttal but only cumulative and repetitious.

In *State v. Williams,* 442 S.W.2d 61, 65[7–9] (Mo. banc 1968), overruled on other grounds, *State v. Ayers,* 470 S.W.2d 534 (Mo. banc 1971):

> Any competent testimony that tends to explain, counteract, repel or disprove evidence offered by defendant may be offered in rebuttal of the defendant's testimony or evidence. *State v. Foster,* 355 Mo. 577, 197 S.W.2d 313, 324. The scope of rebuttal testimony is largely within the sound discretion of the trial court, and unless the court abuses its discretion, or the defendant's rights are prejudicially affected, an appellate court will not reverse on that ground even though the rebuttal testimony may not, strictly speaking, be proper rebuttal evidence. *State v. Niehoff,* Mo., 395 S.W.2d 174; *State v. Hayes,* Mo., 391 S.W.2d 338.

Here the rebuttal testimony by Officer Wright on both occasions falls within the above rule. Each time the officer gave competent testimony that tended to counteract, repel and disprove evidence offered by Sallard. Sallard does not show any abuse of discretion on the part of the court nor does he demonstrate any prejudicial effect flowing from the admission of this rebuttal evidence. No abuse of discretion is discerned nor is any prejudicial effect found.

The judgment is affirmed.

All concur.