Tommy Sam GAYE, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 38467.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 5, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 12, 1979.

Bradford A. Brett, Mexico, for movant-appellant.

John D. Ashcroft, Atty. Gen., Daniel F. Lyman, Paul Robert Otto, Asst. Attys. Gen., Jefferson City, Thomas I. Osborne, Pros. Atty., Mexico, for respondent.

WEIER, Judge.

1. *Case Summary*

Defendant was convicted in the Circuit Court of Audrain County for first degree armed robbery and was sentenced to fifty years imprisonment. His appeal from that conviction resulted in an affirmance, *State v. Gaye*, 532 S.W.2d 783 (Mo.App.1975). This appeal is from adverse rulings of the Circuit Court on a Rule 27.26 motion to vacate the judgment and an amended motion seeking the same relief. Based upon the allegations of fact in these motions the court denied them without an evidentiary hearing. We affirm.

2. *Statement of Facts*

A detailed statement of the facts which led up to the trial and the trial which resulted in movant's conviction may be found in the above-referenced opinion.

3. *Issues Submitted and Their Determination*

On appeal movant relies on seven points for reversal of the lower court. We make disposition of these issues in the order presented to us in movant's brief using the same Roman numerals found therein.

I. Movant first contends the trial court erred in denying a hearing on his motions to vacate because the motions present enough issues of law and fact so that counsel should have been appointed to help movant draft an amended motion or supplement his original motion. Under the case law effective when the instant motion and amended motion were filed, movant was not entitled to appointment of counsel unless his "motion presents questions of law or issues of fact." Rule 27.26(h); *Winston v. State*, 533 S.W.2d 709, 715[6] (Mo.App. 1976).[1] Counsel on appeal fails to state in this point-relied-on and in the argument in support thereof "wherein and why" the motion or amended motion presented to the court sets out questions of law and issues of fact. Rule 84.04(d). Under such a general charge, we cannot say the trial court committed error and, therefore, deny this contention.

II. Were the "findings of fact and conclusions of law of the trial court insufficient and clearly erroneous"? This is movant's contention and his attack is directed toward the trial court's conclusion that the "grounds stated by movant constitute mere conclusions and present no fact issue." But wherein is movant's attack on the findings of fact and conclusions of law more specific than those alleged to be made by the trial court? We find none in this point-relied-on and deny this contention. *Thummel v. King*, Mo.banc, 570 S.W.2d 679, filed September 12, 1978.

III. The next point-relied-on claims clear error in the trial court's denial of a hearing because movant's statement in paragraph 8 of his motion presents questions of law and issues of fact. Although we are again faced with a general, conclusional charge as to trial court error, we turn to paragraph 8 of the motion to assist us in examining the merits of this contention.

1. A "per se rule" has now been adopted with prospective application only requiring that counsel be appointed after an indigent movant files a *pro se* motion under rule 27.26 so that he may communicate with movant. After this counsel will have the "opportunity and obligation to amend the motion to state factually in lawyerlike fashion the basis for all claims for relief under rule 27.26 . . ." *Fields v. Missouri*, Mo.banc, 572 S.W.2d 477, filed November 6, 1978.

Movant's grounds are set out in his original motion to be:

(a) Violation of his right to effective assistance of counsel by counsel's failure to conduct a pretrial investigation. This ground is general and conclusional. It does not specify what information, facts, evidence or witnesses might have been disclosed if an investigation had been made. It does not demonstrate that the alleged neglect of counsel resulted in some prejudice to his position and deprived him of certain substantial rights that would affect the trial of his case. *McKnight v. State,* 497 S.W.2d 201, 204[4, 5] (Mo.App.1973). Furthermore, movant waived a claim of ineffective assistance of counsel when he sought and was allowed to represent himself. *State v. Gaye, supra* at 789[1]. This contention has no merit.

(b) Movant next asserts in his motion, paragraph 8, his right to a fair trial was violated because he was "on drugs" during the course of the trial hearing. The record discloses he was apprehended by officers on August 28, 1973, and he was not able to raise bail for his release. He was in custody of officers of the court until his trial commenced on March 28, 1974. In the opinion of this court, in *State v. Gaye,* 532 S.W.2d 783, 790, *supra,* it is said:

"Appellant appeared before the circuit judge on November 6, November 23, December 3 and March 28. The proceedings on those four occasions occupy 67 pages of transcript. While these proceedings were not specifically designated for the purpose of making that determination, the exchange between court, appellant and counsel gave the trial court and this court an opportunity to determine appellant's intellectual capacity to understand and appreciate his position, situation and problems, the difficulties confronting him and his need for counsel in the trial of the case. At these four sessions appellant was questioned and examined. Statements were elicited from him . . . His answers were responsive to questions asked. He knew what he wanted and was able to articulate his thoughts, albeit ungrammatically."

In the face of this record which indicates alert intelligence, he states he was "on drugs." The word "drug" has been defined in the Federal Food, Drug and Cosmetic Act, 21 U.S.C.A. § 321(g)(1) to mean (A) "articles recognized in the official United States Pharmacopoeia . . ."; (B) "articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals"; (C) "articles (other than food) intended to affect the structure or any function of the body of man or other animals." Our statute, § 196.010, subd. 1(5), RSMo.1969, contains essentially the same definition. Again movant has asserted a conclusional statement without facts indicating he was entitled to an evidentiary hearing. The phrase "on drugs" could only mean he was taking or receiving some kind of medicine but does not indicate that this affected his ability to conduct his trial. The trial record as disclosed by the opinion in *State v. Gaye, supra,* clearly indicates to the contrary.

(c) The third allegation in paragraph 8 of his motion asserted that he "reduced the trial to a false, shame [sic] and mockery of Justice in that he was denied effective representation of counsel for his defense." This is followed by a "statement of facts" that again attempts to capsulize all of the trial record previously presented to us in *State v. Gaye,* 532 S.W.2d 783, *supra,* and discussed in detail in that opinion. An appellant who represents himself will not be heard to assert ineffective assistance of counsel. "The defendant, and not his lawyer or the State, will bear the personal consequences of a conviction." *Faretta v. California,* 422 U.S. 806, 834, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975).

(d) Movant's paragraph number 8 of his amended motion asserts due process and equal protection violation of his constitutional rights in that the state suppressed favorable evidence that a "deal" had been made for the testimony of a certain witness, Mae Louise Bruner. Movant had the opportunity to cross-examine Mrs. Bruner at the trial. In fact the trial judge had suggested

to him that he think about her testimony and write down what he might want to cover on cross-examination after she testified for the state. Although he decided not to ask her questions, movant brought up the matter on final argument and at that time suggested to the jury that she testified against him to save herself. *State v. Gaye, supra* at 788. Obviously defendant brought up the matter of an alleged "deal" at the time of his trial and had ample opportunity to expose it before the jury to affect the credibility of witness Bruner at that time. This he failed to do. This point is denied.

IV. Here movant contended violation of constitutional rights by failure to conduct a pretrial investigation. This has been answered in III(a), *supra.*

V. Violation of right to fair trial by reason being "on drugs" has been answered and denied in III(b), *supra.*

VI. Contended violation of constitutional rights by the trial court's actions in depriving him of effective assistance of counsel has previously been answered in *State v. Gaye, supra* at 789[1].

VII. This contention repetitively submits (1) movant was entitled to an evidentiary hearing because "movant presented the court with questions of law and/or issues of fact" and (2) movant's rights to due process and equal protection were prejudiced by testimony of a biased witness, Mae Bruner. These contentions have been previously answered.

### 4. Disposition

Movant did not allege facts which would entitle him to the relief sought. This opinion has no precedential value. The judgment is affirmed in compliance with Rule 84.16(b).

GUNN, P. J., and KELLY, J., concur.