**STATE of Missouri, Respondent,**

v.

**Larry R. SIGH, Appellant.**

**No. 40197.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 6, 1979.

James Porter, Asst. Public Defender, 22nd Judicial Circuit, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Steven Scott Clark, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Judge.

Defendant was convicted of second degree burglary. His appeal raises three points of alleged trial court error: (1) in allowing the testimony of a nine-year-old boy who was a witness to the burglary; (2) in allowing certain state rebuttal testimony claimed to be cumulative in effect; (3) in denying defendant's request for pre-sentence investigation. We find no error and affirm.

The apartment of Shirley Wynn was burglarized while she was away on an errand. According to Ms. Wynn's eight-year-old son Timothy (he was nine at the time of the

trial), two men appeared at the apartment door, threatened to knock it down if they were not admitted and entered the premises. Timothy, who had responded to the two men's threats of forcible entry, and his younger brother and sister were put in the bathroom by the two men who closed the door behind them. Timothy later identified the defendant as one of the two men who had gained access to the apartment by threat. Defendant's defense was alibi that he was elsewhere.

At trial, Timothy related the facts of defendant's entry into his mother's apartment. Ms. Wynn testified that upon her return to the apartment she found her three children crying and items of value gone from the apartment. Defendant charges the trial court with abuse of discretion in allowing Timothy's testimony. He challenges Timothy's competency, because he could not remember his birthdate, full names of his brother and sister, did not know the seasons of the year and had received low marks at school. Pursuant to § 491.060(2), RSMo Supp.1977, a child under ten years of age is presumptively incompetent to testify unless he appears to have: (1) present understanding of, or intelligence to understand upon instruction, the obligation to speak the truth; (2) mental capacity at the time of the occurrence at issue to truly observe and register such occurrences; (3) sufficient mentality to render an intelligent recollection of the observations made; and (4) capacity to translate into words the memory of such observations. *State v. Patterson*, 569 S.W.2d 266 (Mo.App.1978); *State v. Lawrence*, 566 S.W.2d 243 (Mo.App. 1978); *State v. Ball*, 529 S.W.2d 901 (Mo. App.1975). The determination of a child's competency to testify is vested within the considerable discretion of the trial court. *State v. Young*, 477 S.W.2d 114 (Mo.1972); *State v. Lawrence*, supra; *State v. Bady*, 561 S.W.2d 748 (Mo.App.1978); *State v. Ball*, supra. To qualify as a witness a child need not exhibit absolute mental clarity and be totally unambiguous and consistent. *State v. Williams*, 545 S.W.2d 680 (Mo.App. 1976); *State v. Ball*, supra. Minor deficiencies in testimony need not cause the dis-

qualification of a child from testifying but merely affect his or her credibility. A child should be disqualified only if there are such deficiencies or inconsistencies in the testimony as to render it impossible or devoid of any probative force. *State v. Lawrence*, supra; *State v. Bady*, supra; *State v. Ball*, supra. In this case the child's testimony was not so deficient as to disqualify him. It was detailed and consistent and he possessed the requisite elements to remove the restraining ligatures of § 491.060(2), RSMo Supp.1977 as to competency. Any deficiencies concerned only collateral matters going to the credibility of his testimony to be weighed by the jury. There was no abuse of the trial court's discretion in permitting Timothy to testify and allowing his testimony to stand.

Defendant's second point regarding the state's rebuttal testimony is palpably without merit. During the defendant's case, he sought to establish his alibi that he had been at a movie at the time of the burglary; that he had neither given the names of his alibi witnesses to the police nor had the names been sought. On rebuttal, the arresting officer testified as to whether he had asked for the names of the alibi witnesses:

Q. Did you ask him the names of the witnesses?

A. [police officer] I attempted in a little bit, and made a statement that he did not wish to talk any more, and at that point, I stopped questioning him.

Q. Why is that?

A. Because when somebody makes that statement to a police officer that he does not want to make a statement, under the Miranda Rule, we're not allowed to take a statement past that point.

Although defendant made no objection at trial to the rebuttal testimony he now claims that the statement was an improper comment on defendant's refusal to testify and seeks reversal by reason of plain error under Rule 27.20(c). This precise issue was considered and rejected in *State v. Harris*, 547 S.W.2d 473 (Mo. banc 1977), and so, too,

do we reject it. We also believe that the testimony was within the proper scope of rebuttal testimony as a refutation of the defendant's testimony and allowable within the trial court's considerable discretion. *State v. Williams*, 442 S.W.2d 61 (Mo. banc 1968); *State v. Sallard*, 563 S.W.2d 124 (Mo. App.1978); *State v. Kerr*, 548 S.W.2d 295 (Mo.App.1977).

Defendant's final point is that the trial court abused its discretion in failing to grant his 1978 request for a pre-sentence investigation report; that he was thereby denied due process of law. *Maggitt v. State*, 572 S.W.2d 870 (Mo.App.1978), and cases cited therein neatly reject defendant's contentions in this regard.[1]

Judgment affirmed.

REINHARD, P. J., and CLEMENS, J., concur.

---

1. Section 557.026, RSMo Supp.1977, effective January 1, 1979, contains the current provisions for pre-sentence investigation which were not in effect at the time of the trial court's action denying defendant's request for a report.