STATE of Missouri,
Plaintiff–Respondent,

v.

Leonard DUFF, Defendant–Appellant.

No. 41940.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 21, 1980.

W. Terry Burnet, Clayton, for defendant–appellant.

John Ashcroft, Atty. Gen., Paul M. Spinden, Asst. Atty. Gen., Jefferson City, for plaintiff–respondent.

CLEMENS, Senior Judge.

Defendant Leonard Duff, while acting with one Anthony Ashford, was convicted on one count of robbing Paula Garth and on separate counts of kidnapping Paula and her six–year–old daughter Mia. Verdict and judgment were for consecutive terms of imprisonment for five, eight and ten years.

Defendant has appealed, contending the trial court erred in finding the six–year–old child was competent to testify, and erred in denying his motion for acquittal on the ground the evidence failed to show he "co-operated and agreed" with Ashford in committing the alleged acts.

 Defendant concedes Mia's testamentary competence is discretionary with the trial court and that her questioning in chambers showed she was aware of the importance of telling the truth. He relies on pre–trial cross–examination that Mia could not name her school books, where she had lived a year before nor what a court was. However, on direct examination Mia had testified she was in the second year of school and could read and write; she knew her birthday, her address and phone number and the names of neighbors.

We hold Mia met the statutory test of Sect. 491.060(2), RSMo.1978, by showing an ability to understand the facts about which she was to testify and to truly relate them. Compare *State v. Sigh*, 579 S.W.2d 657 [1–3] (Mo.App.1979).

We deny defendant's first point and consider his challenge to the sufficiency of the evidence to show his guilt as an accomplice. After the charged kidnapping her mother was found in a wooded area wounded and unconscious; she died within a few days.

The principal facts were related by six–year–old Mia: Early in the morning defendant and Ashford came to their home; Ashford or defendant "held a steak knife on her", Ashford found her mother's car keys, tied her and her mother's hands, and forced them to go outside where Ashford took her mother's car and drove to a wooded area; while defendant remained with Mia in the car Ashford forced her mother to leave; in about half an hour Ashford came back to the car alone and the three of them drove to another wooded area; there Ashford hit Mia with a knife and he and defendant tied her to a tree and left. Mia freed herself and was taken to a police station.

According to police who arrested defendant he at first denied having been at the victims' residence. Later, he acknowledged his presence with Ashford from the time they entered the Garth home until they abandoned Paula and then Mia.

Defendant testified he was afraid of Ashford and "went along" with him hoping to avoid violent action. He admitted that soon after he and Ashford were alone they went to a store and tried unsuccessfully to buy clothes with Paula Garth's credit card.

 Defendant correctly argues that a conviction will not lie against one who is merely present while another commits a crime, citing *State v. Ramsey*, 368 S.W.2d 413 [1–4] (Mo.1963). But that case excepts instances where the evidence shows "any forms of affirmative participation" by defendant. So, presence coupled with "companionship and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred". *State v. Reed*, 453 S.W.2d 946 [2–6] (Mo.1970).

We consider the state's evidence that defendant accompanied Ashford while forcibly abducting Paula and Mia in the knowingly stolen car, that defendant ignored Paula's pleas to stop Ashford, that defendant made no attempt to release Mia during the half hour Ashford had left defendant and Mia alone in the car, that defendant helped Ashford tie Mia to a tree, and last that defendant and Ashford later tried to make purchases with the stolen credit card. So considered, we deny defendant's contention that his conviction was based on his mere presence during Ashford's criminal conduct.

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.