STATE of Missouri,
Plaintiff-Respondent,

v.

Fred Charles HARPER,
Defendant-Appellant.

No. 43966.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 1, 1982.

Motion for Rehearing and/or Transfer
Denied July 16, 1982.

Application to Transfer Denied
Sept. 13, 1982.

Kenneth M. Romines, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, John M. Morris, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Presiding Judge.

Fred C. Harper, herein defendant, appeals from his conviction by a jury of assault with intent to ravish[1] with malice aforethought pursuant to Section 559.180, RSMo 1969 as amended, and the resulting fifty year sentence of imprisonment under the second offender statute. Section 556.-280, RSMo 1969 (now repealed).

■■■ Defendant questions the sufficiency of the evidence to support the conviction. Defendant specifically argues under his first point the following subpoints: (1) the state failed to prove the defendant was present at the scene; (2) the state failed to prove defendant struck the victim with his hands; (3) the state failed to prove malice aforethought; and (4) the state failed to prove a specific intent to rape. To determine whether the state made a submissible case, we consider as true the evidence and reasonable inferences most favorable to the state and disregard all evidence and inferences to the contrary. *State v. Ludwig*, 609 S.W.2d 417, 418 (Mo.1980).

Viewed in this light the record shows that on the morning of May 21, 1976, the defendant approached F_____ L_____, a seven year old girl who at the time was looking for her younger brother in north St. Louis. After asking how old she was, the defendant "hollered at me", grabbed her, and took her to a nearby abandoned garage where he pulled down her panties, threw her on the ground and "hit me in my lip" and "hurt my cat." When asked to explain the meaning of "my cat," F_____ L_____ pointed to the area between her legs. Soon after the assault F_____ L_____ was found by John Merriweather who gave chase to the defendant after seeing him walk out of the same garage just moments before discovering F_____ L_____. Merriweather called out to the defendant but the defendant started running. He was chased by Merriweather for several blocks but was finally apprehended by Merriweather and others and held until the arrival of police officers. Subsequent examination of the defendant's trousers and F_____ L_____'s panties revealed male seminal stains present on both articles of clothing.

By court order the defendant was required to provide a saliva sample in order to determine by the use of an acid phosphate test the matching of defendant's blood type with the seminal stains. The defendant did not comply with this order. Contempt proceedings were initiated against defendant but no hearing was held thereon.

A physical examination of F_____ L_____ at City Hospital several hours after the assault revealed the following injuries: bruises and hematoma on the right side of the face and neck, lacerations on the right side of the face, abrasions of both arms and a laceration of the genitalia and small capillary bleeding of the labium. The child did not have these injuries earlier that morning.

The trial court had a hearing of F_____ L_____'s competency as a witness. The court ruled that F_____ L_____ was a

---

1. "Rape" and "ravish" are synonymous terms. *State v. Abron*, 492 S.W.2d 387, 389 (Mo.App. 1973).

competent witness but ruled that she would not be permitted to testify as to any identification of the defendant as the man who assaulted her.

Unquestionably, this evidence adduced at trial was sufficient to make a submissible case and to convict the defendant of assault with intent to ravish with malice aforethought. The evidence clearly supported all the elements of the crime, *State v. Selle*, 367 S.W.2d 522, 527 (Mo.1963), and refutes the contentions of the defendant that the evidence failed to prove defendant was at the scene, struck the victim with his hands, or failed to prove malice aforethought or the intent to ravish. Here the testimony of F_____ L_____ established that she was approached by a black man who "hollered at" her, grabbed her and took her into an abandoned shed, pulled down her panties, threw her down, hit her in the lip and hurt her "cat" (referring to the genital area). There were seminal stains found on the victim's panties and on the crouch of the defendant's trousers. F_____ L_____'s testimony was corroborated by the hospital records which show injuries to the face, neck and genital area. This is coupled with the testimony of Merriweather that the defendant fled from the scene, was chased a number of blocks and finally apprehended by Merriweather and others. Flight from the scene of the crime is evidence of guilt. *State v. Aubuchon*, 394 S.W.2d 327, 335 (Mo.1965). There was abundant evidence to prove a submissible case against defendant. Defendant's first point is without merit.

■ It is noted that almost all of defendant's contentions of error were not preserved and are raised here under plain error. Rule 29.12(b). The application of this rule is discretionary and it is invoked where substantial rights are affected and the court finds that manifest injustice or miscarriage of justice has resulted.

Next defendant raises under plain error the contention that the court erred in allowing the defendant to represent himself and in failing to obtain a written waiver of counsel contrary to Section 600.051 RSMo 1976 Supp. and the mandate of *Peterson v. State*, 572 S.W.2d 475 (Mo. banc 1978).

The background for this contention is as follows. This is the second trial of the defendant for this crime. In the first trial defendant was represented by Attorney Gary Sarachan. However, the defendant was active in the trial of that case. He made the closing argument to the jury and suggested questions to his attorney. The jury was unable to reach a verdict and a mistrial was declared in the first trial. Prior to the second trial, the defendant informed the court that he intended to represent himself. There was an extensive hearing conducted by the court relative to the self-representation. Present at the hearing was the prosecutor, Mr. Sarachan and the defendant. Defendant was extensively questioned regarding the voluntariness and advisability of this decision. The judge advised against the defendant representing himself and informed the defendant that even lawyers do not represent themselves when they are involved in litigation. Mr. Sarachan also opposed defendant's self-representation stating "This is against my grain very much, that Mr. Harper is representing himself." Defendant stated that he realized self-representation was "risky and inadvisable" but that he felt he was capable of representing himself.

With the consent of defendant, the court designated Mr. Sarachan as the defendant's legal advisor during the second trial and ruled that he would be present throughout the trial "to backseat" defendant in the trial and would be present in the event defendant had any legal questions.

Defendant was also advised that if he represented himself he would be governed by the same rules of evidence and court procedure as are applicable to attorneys.

During the trial, Mr. Sarachan made suggestions to defendant on legal and tactical issues. On one occasion, he prevented the defendant from attempting to have the whole police report read to the jury because of the prejudice to the defendant. Occasionally, he made statements to the court to protect the interests of the defendant. He participated in conferences at the bench,

supplied documents to defendant, assisted him in the preparation of a subpoena. He also participated in a discussion regarding a question from the jury and in the instruction conference.

■ The plain error rule is inapplicable here to the contention that the self-representation without a waiver of counsel constitutes grounds for reversal. Had this contention been properly preserved for appellate review, we would have denied the point. This identical point has been rejected in *State v. Tyler,* 587 S.W.2d 918, 923 (Mo.App.1979); *State v. Crews,* 607 S.W.2d 729, 731 (Mo.App.1980); and *State v. Edwards,* 592 S.W.2d 308 (Mo.App.1979). These cases clearly hold that this type of hybrid representation where an attorney is present at trial to assist defendant who insisted on representing himself is not a waiver of counsel but, on the contrary, is the utilization of the assistance of counsel and Section 600.051 is not applicable. Point is denied.

■ Next defendant raises under plain error the contention that the court erred in ruling that the victim F_____ L_____ was a competent witness. While the plain error rule is not applicable, we see no abuse of discretion by the trial court in ruling the victim competent. *State v. Sigh,* 579 S.W.2d 657, 658 (Mo.App.1979). F_____ L_____ testified as to her age, ability to count and spell, family members, what constituted a lie and her duty to tell the truth on the stand. Point denied.

■ In defendant's fourth point raised under plain error, he contends the court erred in allowing the medical record custodian to read a portion of F_____ L_____'s medical record into evidence. Defendant argues that a proper foundation was not laid for the reading of the medical record and the record was never admitted in evidence. We disagree. The record custodian testified that she was a medical record custodian and that the medical records of the hospital were in her custody and control. She further testified that the records were prepared in the ordinary course of business at the hospital and were prepared at or near the time they reflected. A proper foundation had been made under Section 490.680 RSMo 1978 of "The Uniform Business Records as Evidence Law." It was then proper for the medical custodian to read a portion of the medical record into the record. Point denied.

■ In the following points raised under plain error the defendant attacks the testimony of John Merriweather as resulting from leading questions. He attacks the qualifications of Joseph Crow, police serologist, and his testimony regarding the acid phosphate test, the blood typing test, and his testimony regarding the refusal by defendant to provide a saliva sample. He also contends, under plain error, that the court erred in failing to define "rape", and failing to instruct on common assault.

We have carefully read the transcript, the briefs, the cases cited to us as well as conducted our own independent research. There was abundant evidence to support the conviction. We find neither manifest injustice nor miscarriage of justice resulted from the action of the trial judge regarding these contentions and accordingly conclude that the plain error rule is inapplicable.

■ Lastly, defendant contends he received "no assistance of counsel" during his trial in violation of the Constitutions of the United States and Missouri due to his lack of education and legal experience. Thus the defendant argues his self-representation was ineffective. He argues again the requirement of written waiver under Section 600.051 RSMo 1969. The waiver argument was discussed and rejected earlier in this opinion.

Defendant's last contention was answered by the United States Supreme Court in *Faretta v. California,* 422 U.S. 806, 834, 95 S.Ct. 2525, 2540, 45 L.Ed.2d 562 (N.46) where the court stated: " . . . a defendant who elects to represent himself cannot complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.' "

This same principle has been followed in Missouri. *State v. Nicolosi,* 588 S.W.2d 152, 156–157 (Mo.App.1979); *Gaye v. State,* 576 S.W.2d 554, 556 (Mo.App.1978).

This same principle would be applicable to the present case where the defendant had the additional advantage of hybrid representation with the assistance of counsel during the trial.

Point is denied.

We commend Mr. Thomas B. Curtis and Mr. Kenneth M. Romines who represented the defendant by appointment on appeal. These attorneys filed a scholarly brief and earnestly argued the appeal.

The judgment is affirmed.

GUNN and SIMON, JJ., concur.