**Fred HARPER, Movant–Appellant,**

v.

**STATE of Missouri,
Respondent–Respondent.**

**No. 55231.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 21, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 3, 1989.

Application to Transfer Denied
May 16, 1989.

Henry B. Robertson, Asst. Public Defender, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

A jury convicted movant of assault with intent to ravish with malice aforethought; the court sentenced him as a second offender to 50 years' imprisonment. We affirmed on direct appeal, *State v. Harper*, 637 S.W. 2d 170 (Mo.App.1982).

In his amended motion and sole point on appeal, movant contends his waiver of counsel at trial was invalid because the trial court did not adequately inquire into his ability to represent himself nor did it advise him of the consequences of the waiver. The motion court found that the issue was raised on direct appeal, and therefore denied relief.

■  Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915.

■  Movant's contention on direct appeal was "that the [trial] court erred in allowing [movant] to represent himself...." *Harper*, 637 S.W.2d at 172. We held the fact that an attorney was appointed to assist movant in representing himself precluded such a contention. *Id.* at 173. When an issue is raised and decided on

direct appeal, a movant cannot obtain another review of that issue in a Rule 27.26 proceeding, regardless of the theory advanced by movant. *Sweazea v. State*, 515 S.W.2d 499, 501 (Mo. banc 1974).

The findings and conclusions of the motion court are not clearly erroneous.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and CRIST, J., concur.