STATE of Missouri, Respondent,

v.

Anthony C. McGEE, Appellant.

Nos. 54518, 56027.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 31, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 21, 1989.

**162**

Nancy Hentig Narrow, Public Defender, Benton, John E. Klosterman, Columbia, for appellant.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for respondent.

SMITH, Presiding Judge.

Defendant was convicted of murder in the second degree and armed criminal action and sentenced to consecutive terms of life imprisonment and thirty years imprisonment respectively. He appeals from those convictions and also from the denial of his Rule 29.15 motion without an evidentiary hearing. Defendant raises no contention of error as to the disposition of the 29.15 Motion and so has abandoned that appeal. We affirm.

Defendant stabbed the victim twice with a knife resulting in the victim's death. There had been prior problems between defendant and the victim arising over a woman. Defendant contended the stabbing occurred in defending himself from the victim. The evidence was sufficient to support the conviction and defendant does not claim to the contrary.

■ As his first point defendant contends that the court erred in allowing appellant to proceed *pro se* in that defendant's waiver of counsel was not made knowingly, voluntarily and intelligently and was equivocal. *See* Sec. 600.051 RSMO 1986. *State v. Quinn,* 565 S.W.2d 665 (Mo.App.1978)[9], sets forth the factors to be considered in determining whether a defendant should be allowed to represent himself. We need not repeat those factors here. The trial court meticulously, patiently, and carefully explained, over forty pages of the transcript, the dangers and conditions of self-representation. It further questioned defendant at length to determine his competence to defend himself. It would be difficult indeed to find a case in which a defendant was more fully advised of the consequences of his decision to represent himself or in which he more adamantly insisted upon self-representation.

Defendant's contention that he chose self-representation only because of his generalized unhappiness with his appointed counsel is unavailing to establish a non-voluntary or equivocal decision. *State v. Thomas,* 637 S.W.2d 81 (Mo.App.1982)[2].

■ Further, defendant was not without counsel. At defendant's request the court ordered appointed counsel to be present at counsel table throughout the trial to furnish defendant with such legal advice as defendant sought. Where this kind of hybrid representation is provided, defects in the waiver of counsel are not grounds for reversal. *State v. Harper,* 637 S.W.2d 170 (Mo.App.1982)[4, 5]; *State v. Edwards,* 592 S.W.2d 308 (Mo.App.1979)[4]. We find no merit in defendant's first point.

■ Defendant also challenges the trial court's failure to *sua sponte* control remarks of the prosecutor during closing argument. The defendant contends that on five occasions during the argument the prosecutor called upon the jury to convict defendant to prevent him from committing other crimes. At least three of these occasions involved arguments more properly characterized as calling for strict law enforcement, a proper subject for argument. The remaining two incidents do not rise to the level of creating manifest injustice necessary for reversal on the basis of plain error. We are unable to conclude that these comments had a decisive effect on the jury. *State v. Joles,* 755 S.W.2d 622 (Mo.App.1988)[4, 5].

Judgment affirmed.

STEPHAN and SATZ, JJ., concur.