Joseph N. BECK, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. WD 42671.

Missouri Court of Appeals,
Western District.

July 3, 1990.

**64**

Ellen H. Flottman, Columbia, for appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and LOWENSTEIN and GAITAN, JJ.

TURNAGE, Presiding Judge.

Joseph N. Beck, Jr., was convicted of possession of a weapon in the Department of Corrections and assault in the second degree. His conviction and sentence was affirmed by this court in *State v. Beck*, 699 S.W.2d 65 (Mo.App.1985).

Beck filed a motion under Rule 27.26, (repealed January 1, 1988), to set aside his conviction and sentence. After a hearing the court denied the motion and on appeal Beck contends the court erred because he was denied the constitutional right to represent himself at his trial, or in the alternative that his trial counsel was ineffective for failure to preserve in the motion for a new trial the issue that Beck had been denied the right to represent himself. Affirmed.

After the filing of charges against him, Howard McFadden, the Public Defender in Cole County, was appointed to represent Beck. On June 12, 1984, Beck filed a motion requesting the court to dismiss McFadden as his attorney and appoint an attorney for him who would adequately represent him. On July 10, 1984, Beck filed another motion to dismiss McFadden and stated that he chose to represent himself with the assistance of counsel. Although the record does not reveal the details of how it came to pass, Beck did obtain a change of counsel because he was represented at trial by Julian Ossman.

■ Beck contends on this appeal that the court erred in denying his motion because he was denied his constitutional right to represent himself. There is no doubt that a criminal defendant has a constitutional right under the Sixth Amendment to represent himself. *State v. Gilmore*, 697 S.W.2d 172, 174[3–5] (Mo. banc 1985). However, the difficulty with Beck's position on this appeal is that he argues as if he made a request to represent himself which was denied. In fact, as the court found in denying the motion, Beck did not request that he be allowed to represent himself but requested that he be allowed to represent himself with a lawyer appointed by the court to assist him. The combination of self-representation with a lawyer to assist has been referred to as "hybrid representation." *State v. Edwards*, 592 S.W.2d 308, 310[1, 2] (Mo.App.1979). A criminal defendant does not have a constitutional right to hybrid representation. *Id.* *Edwards* further held that a criminal defendant who has requested and received hybrid representation did not waive the right to counsel but in fact exercised such right. *Id.* at 312[3][4].

■ In this case Beck did not request to be allowed to represent himself but requested hybrid representation. This, in fact, was a request for counsel and he had counsel who represented him at trial. Because Beck requested only hybrid representation, he has not shown that he was denied the constitutional right to represent himself.

■ Beck further contends that his trial counsel was ineffective for failure to preserve in the motion for new trial that he was denied his constitutional right to represent himself. As discussed above, Beck did not request that he be allowed to represent himself and, thus, there was nothing for his attorney to preserve in the motion for new trial concerning the denial of Beck's right to represent himself. Counsel cannot be faulted for failing to preserve a non-meritorious claim in the motion for a new trial. *Watkins v. State*, 785 S.W.2d 767, 772[7] (Mo.App.1990). Absent a request that Beck represent himself, counsel had no claim of error to preserve in a motion

 

for a new trial concerning Beck's self-representation.

The judgment is affirmed.

All concur.