**STATE of Missouri, Plaintiff–Respondent,**

v.

**Johnny E. SMITH, Defendant–Appellant.**

**No. 23690.**

Missouri Court of Appeals, Southern District, Division Two.

Jan. 30, 2001.

---

1. All statutory references are to RSMo 1994, unless otherwise noted.

Ellen H. Flottman, Asst. Public Defender, Columbia, MO, Attorney for Appellant.

Jeremiah W. Nixon, Attorney General, and Stacy L. Anderson, Assistant Attorney General, State of Missouri, Jefferson City, Attorneys for Respondent.

PREWITT, Judge.

Following trial by jury, Defendant was convicted of trafficking drugs in the second degree, in violation of Section 195.223, RSMo Supp.1998. He was sentenced as a prior and persistent offender to twenty years' imprisonment. On appeal, he presents one point relied on.

For his point, Defendant contends that the trial court erred in accepting his waiver of counsel and "permitting him to proceed *pro se*" because his waiver was unintelligent and unknowing, as the court "did not inform [Defendant] of the advantages and disadvantages of self-representation."

The fallacy in this contention is that it is premised on the assertion that Defendant proceeded *pro se*. The record establishes otherwise. Counsel was present with Defendant on a "standby" basis. The attorney's participation included assisting Defendant in voir dire, discussing jury instructions with him, contacting a witness during trial, informing Defendant that he needed to make a motion for judgment of acquittal at the close of the evidence, and, at Defendant's request, making the closing argument. Counsel also filed a motion for new trial on Defendant's behalf, appeared at sentencing, and filed a notice of appeal. Under these conditions, there was no prejudicial error in the trial court's failure to warn Defendant of the perils of self-representation.

In *State v. Edwards,* 592 S.W.2d 308 (Mo.App.1979), Judge George M. Flanigan, writing for this District in a similar situation, analyzed numerous state and federal decisions. Referring to this type of situation as "hybrid representation," the Court determined that warning a litigant of the difficulties with representing oneself is the better practice, but "that Defendant, having requested and received hybrid representation, did not waive his right to counsel but in fact exercised it, and the trial court did not err in failing to warn defendant of the perils of self-representation." 592 S.W.2d at 312.

Since *Edwards,* numerous other decisions have agreed or reached a similar result. *See State v. Hunter,* 840 S.W.2d 850, 860 (Mo.banc 1992), *cert. denied,* 509 U.S. 926, 113 S.Ct. 3047, 125 L.Ed.2d 732 (1993); *Beck v. State,* 792 S.W.2d 63, 64 (Mo.App.1990); *State v. McGee,* 781 S.W.2d 161, 162 (Mo.App.1989); *State v. Leady,* 679 S.W.2d 292, 294 (Mo.App.1984); and *State v. Harper,* 637 S.W.2d 170, 173 (Mo.App.1982). Defendant's point has no merit.

The judgment is affirmed.

BARNEY, C.J., and GARRISON, J., concur.