James KETCHERSIDE, Appellant,

v.

STATE of Missouri, Respondent.

No. 61608.

Missouri Court of Appeals,
Eastern District,
Division Seven.

Nov. 17, 1992.

J. Gregory Mermelstein, Columbia, for appellant.

William L. Webster, Atty. Gen., Joan F. Gummels, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Chief Judge.

Defendant–Movant, James Ketcherside, appeals after denial of his Rule 24.035 motion without an evidentiary hearing. Movant previously entered a guilty plea to one count of sale of marijuana. We affirm.

On June 23, 1989, movant pled guilty to one count of sale of marijuana according to a plea agreement in which the state agreed to dismiss a second count of sale of marijuana, make no recommendation at sentencing, and not oppose probation if the presentence investigation was favorable. On August 23, 1989, the court sentenced movant to fifteen years imprisonment, with execution of sentence suspended. Movant was placed on five years probation. On May 24, 1991, the court revoked movant's probation and ordered execution of sentence because movant had been arrested on burglary and stealing charges.

On August 23, 1991, movant filed a pro se motion for post conviction relief under Rule 24.035. On August 28, 1992, movant through counsel, filed an amended motion. On January 24, 1992, the trial court entered findings of fact and conclusions of law

denying movant's motion without an evidentiary hearing.

■ Movant raises two issues on appeal. He contends in both issues that the motion court clearly erred in denying post conviction relief without granting him an evidentiary hearing to present the contention that his guilty plea was not made knowingly and voluntarily due to ineffective assistance of counsel. Movant first claims that his counsel was ineffective in failing to request a mental evaluation to determine movant's mental competency and also in failing to investigate, develop and present a defense based on movant's lack of mental competency.

■ Appellate review of the trial court's action on the motion filed under Rule 24.-035 shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 24.-035(j). For movant to be entitled to an evidentiary hearing, the movant must: (1) allege facts, not conclusions, which, if true, would warrant relief; (2) the allegations must not be refuted by the record; and (3) the matters complained of must have resulted in prejudice to his defense. *Brewer v. State*, 823 S.W.2d 12 (Mo.App.1991); *Curtis v. State*, 759 S.W.2d 860, 862 (Mo. App.1988). If the motion and record conclusively show that the movant is entitled to no relief, a hearing shall not be held. Rule 24.035(g).

■ "A convicted defendant making a claim of ineffective assistance [of counsel] must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984). In the absence of some warning sign or suggestion of mental aberration there is no absolute or routine duty on counsel to initiate an independent investigation of the mental condition of an accused. *Warren v. State*, 740 S.W.2d 251, 253 (Mo.App.1987); *Chapman v. State*, 506 S.W.2d 393, 395 (Mo.1974).

Therefore, defense counsel's representation falls below the standard of reasonable professional judgment only if counsel failed to investigate and, if indicated, to raise a defense of mental incompetency when counsel had some warning sign or suggestion of mental aberration from his client. In an appeal from the denial of post conviction relief without an evidentiary hearing on the grounds that defense counsel was ineffective in failing to investigate or raise a defense of mental incompetency, movant must first allege facts that would show that defense counsel had some warning or suggestion of the mental defect.

Movant's 24.035 motion alleged that prior to his plea of guilty he had been treated with prescribed anti-depressant drugs and had been under the psychiatric care of Dr. John O'Brien. He further alleged that Dr. O'Brien, along with other mental health professionals, would testify at a post conviction hearing that he was not mentally competent to plead guilty.

The motion court denied movant an evidentiary hearing on this issue after finding movant had not alleged that he ever informed his counsel of any mental infirmity. Furthermore, the motion court found movant failed to allege any of his behavior would or should have put his counsel on notice of a mental defect.

The record of the guilty plea and the legal file do not suggest the existence of any facts that would indicate any warning or suggestion that defense counsel was aware or should have been aware of any mental defect. In the absence of an allegation that defense counsel should or did suspect mental incompetency, the motion court did not err.

■ Movant's second claim asserts his defense counsel failed to investigate, advise him, and assert as a defense, that the second sale of marijuana count was not properly charged in St. Francois County, because venue for that count was in Washington County. The motion court correctly concluded that movant alleged no prejudice as a result of defense counsel's action and there could be none where that count was dismissed as part of the plea agreement and never prosecuted. Movant received the full benefit of his agreement. There-

fore, since no prejudice was alleged and there was none, the motion court did not err in denying relief on this issue without a hearing.

The orders of the trial court are affirmed.

PUDLOWSKI and CRANDALL, JJ., concur.