Zane B. EDGINGTON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 46892.

Missouri Court of Appeals,
Western District.

Jan. 4, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 1, 1994.

Jacqueline K. McGreevy, Kansas City, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before BRECKENRIDGE, P.J., and KENNEDY and LOWENSTEIN, JJ.

PER CURIAM.

Zane B. Edgington appeals from a final order denying, without an evidentiary hearing, his *pro se* and his first and second amended motions under Rule 24.035, by which he sought to vacate his conviction and the ten-year sentence imposed following his plea of guilty to robbery in the first degree (section 569.020, RSMo 1986).[1]

Appellant was charged by an information on March 21, 1990 with robbery in the first degree (section 569.020) and armed criminal action (section 571.015.1). On October 10, 1990, the charge was amended to allege that appellant was a "prior," "persistent," and "class X" offender under sections 558.016 and 558.019, RSMo Supp.1990.

The court granted appellant's request for a mental examination pursuant to section 552.-020 and 552.030, and a report was subsequently filed detailing the examination. This report found that appellant was not suffering from a mental disease or defect at the time of the crime and was capable of assisting in his own defense. Also reported were appellant's prior drug use and mental health problems and his HIV-positive status.

Prior to trial the State dismissed Count II, armed criminal action, with prejudice. The case was called for trial before the Honorable K. Preston Dean on July 12, 1991. Appellant appeared with his then attorney, Ms. Mary Young, and, prior to impaneling the jury,

---

1. All statutory references are to RSMo 1986, unless otherwise noted.

entered a plea of guilty to the charge of robbery in the first degree. Appellant acknowledged that on March 2, 1990, he entered the Holmeswood United Super, located at 534 E. 99th Street in Kansas City, and robbed the clerk by wielding a paper sack in which he led the clerk to believe was a weapon. Appellant's plea was entered without a plea agreement.

At the plea proceeding, appellant indicated that he had been diagnosed with, and treated for, depression and was taking medication. Appellant stated that this medication ("Pamelor") did not prevent him from understanding his actions. Judge Dean informed appellant of the range of possible punishment for the offense of robbery in the first degree (10 to 30 years or life imprisonment.) He warned appellant that it would be "unlikely" that appellant would receive the maximum sentence, but that he believed "some sort of consecutive time is necessary in this case." There was no agreement as to sentencing.

Appellant appeared with Ms. Young before Judge Dean on August 23, 1991 for sentencing. Prior to imposing sentence, the judge heard evidence of appellant's drug addiction from appellant's presentence investigation report and testimony from appellant, his mother and father, and his attorney. Ms. Young urged the court to consider appellant's drug use and positive HIV status as mitigating factors and asked the judge to impose a sentence to be served concurrently with the two 15–year concurrent sentences appellant had previously received from the Honorable Jack E. Gant (for unrelated crimes committed by appellant.)

Judge Dean rejected appellant's plea for a concurrent sentence, stating that he "would not be meeting [his] responsibility to society if [he] imposed 15 years concurrent" because that would mean "that this case is free, and I don't think that's appropriate." The judge imposed the minimum 10 years' sentence to be served consecutively with the two 15–year concurrent sentences appellant had received from Judge Gant.

Appellant filed a motion under Rule 24.035 seeking to set aside his convictions and sentences on January 8, 1992. On January 30, 1992, the Office of the Appellate Defender was appointed counsel for appellant. On March 30, 1992, after obtaining a 30–day extension of time, Mr. Anthony C. Cardarella, an assistant public defender, filed an amended motion on appellant's behalf. Grounds advanced in appellant's motion included the argument that Ms. Young failed to fully and adequately apprise the trial judge regarding the "extensive nature of [the appellant's] previous health problems, including but not limited to his extensive history of mental illness and drug abuse." The motion asserted that such information "would have played an important and beneficial role regarding the discretionary sentence imposed by the trial court judge."

On May 29, 1992, four months after counsel was appointed, a second amended motion under Rule 24.035 was filed by Ms. Jacqueline K. McGreevy, appellant's present attorney. This motion claimed that Ms. Young had been ineffective in failing to provide expert testimony at the time of sentencing regarding appellant's prior mental illnesses, his positive HIV status, and his history of drug use and abuse. The motion also claimed that Ms. Young was ineffective at sentencing because counsel failed to provide "testimony and even argue to the court with regard to how probation and parole would calculate the out date on multiple conviction[s] when the court raised that subject prior to sentencing."

On July 13, 1992, Judge Dean entered an order, together with findings of fact and conclusions of law, overruling appellant's motions. The court held that with respect to appellant's claim of ineffective assistance of counsel at sentencing due to failure to discuss appellant's mental health problems, his drug use, and his HIV-positive status, this information was discussed during sentencing and was covered by the presentence investigation report. The judge stated that no amount of additional evidence or discussion would have altered his decision as to sentencing. With respect to appellant's claim of ineffective assistance of counsel at sentencing for failing to provide information concerning how the imposition of multiple sentences would affect the possibility of parole, Judge Dean emphasized that, since the 10–year sen-

tence was "the least severe possible [sentence] given the nature of the crime and [the appellant's] past record," no answer that counsel could have given would have changed the court's sentence.

Appellant claims two points of error on appeal from Judge Dean's order. Our standard of review of the denial of appellant's post-conviction motions is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(j). If, upon review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made, then the trial court's findings and conclusions are deemed to be "clearly erroneous." *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991); *Wedlow v. State*, 841 S.W.2d 214, 215–16 (Mo.App.1992).

## I.

In his first point, appellant contends that the trial court erred in denying his *pro se* and first amended motion under Rule 24.035 without an evidentiary hearing. Appellant maintains that Ms. Young was constitutionally ineffective in failing to "fully and adequately" apprise the sentencing court of the "extensive nature" of appellant's mental health problems. Appellant concedes that the court, in its finding, states that it had read the mental health report prepared for the case. However, appellant argues that the court in no way addressed the issue of his "life-long history of mental illness," nor the fact that appellant was medicated with Pamelor at the time of his plea, and that the mental health report was one year old.

In order to be entitled to an evidentiary hearing in a Rule 24.035 action, a movant must (1) allege facts rather than conclusions which, if true, would warrant relief; (2) the facts alleged must raise matters which are not refuted by the record; and (3) the matters complained of must have resulted in prejudice to the movant's defense. *Ketcherside v. State*, 842 S.W.2d 182, 183 (Mo.App. 1992). "If any one of these three prongs is absent, the motion court may deny an evidentiary hearing." *Wedlow*, 841 S.W.2d at 216. Additionally, a movant must make a

timely request for a hearing. *Miller v. State*, 786 S.W.2d 189, 190 (Mo.App.1990).

Appellant's first point is without merit for two reasons. First, appellant contends that presentation of evidence of appellant's extensive mental history at sentencing "would have played an important and beneficial role regarding the discretionary sentence" the judge subsequently imposed. The Missouri Supreme Court in *Hagan v. State*, 836 S.W.2d 459, 463 (Mo. banc 1992), held that where appellant entered a plea of guilty, the adequacy of appellant's counsel is immaterial unless it prevents appellant's plea from being entered voluntarily and with an understanding of the charge. Appellant's argument is not consistent with *Hagan*. Since appellant's argument does not implicate the voluntariness or understanding with which his plea was entered, it states no claim for relief and does not entitle him to an evidentiary hearing.

Second, Point I is refuted by the record and therefore without merit. *Ketcherside*, 842 S.W.2d at 183. The record shows that a psychiatric examination of appellant was ordered and conducted. A report of this examination, detailing appellant's mental health problems, prior drug use and positive HIV status, was contained in the psychiatric evaluation filed with the court and extensively discussed at the guilty plea proceeding. Judge Dean, the plea and sentencing judge, stated that he had read the report and was familiar with appellant's drug use and mental health problems. Additionally, Judge Dean heard testimony by appellant, his parents and Ms. Young concerning appellant's mental health and drug problems. Judge Dean noted that any further discussion of those issues at sentencing would not have "alter[ed]" the sentence."

Denial of appellant's *pro se* and first amended motion under Rule 24.035 is affirmed.

## II.

In his second point on appeal, appellant makes a similar argument. Appellant contends Ms. Young was ineffective under Rule 24.035 at sentencing when she failed to advise the court of "the statute governing the

calculation of multiple counts by Probation and Parole when asked to do so by the sentencing court." At sentencing, Judge Dean asked Ms. Young if she knew "how probation and parole calculates the out date on multiple concurrent sentences." Ms. Young answered, "I cannot say with certainty, your Honor, how they do it. . . . [T]hey can almost do what they want to do, I believe."

Appellant's allegation that Ms. Young's answer to Judge Dean's question was inadequate is first raised in appellant's second amended motion. This motion was filed almost two months out of time and therefore cannot be the basis for entitling appellant to an evidentiary hearing. Rule 24.035(f).

Rule 24.035(f) requires that "[a]ny amended motion shall be verified by movant and shall be filed within thirty days of the date counsel is appointed. . . . The court may extend the time for filing the amended motion for one additional period not to exceed thirty days." Rule 24.035(d) mandates that the movant "verify the motion, declaring that he has listed all grounds for relief known to him and acknowledging his understanding that he waives any ground for relief known to him that is not listed in the motion."

On January 30, 1992, the Office of the Appellate Defender was appointed counsel for appellant. A verified, first amended motion was filed on March 30, 1992. Assuming appellant had obtained the one 30–day extension authorized by Rule 24.035(f), this first amended motion was filed one day before the deadline. On March 31, 1992 (the initial 30 days plus the 30 day extension), appellant's right to file any additional motions expired; he had "availed himself of all remedies available" to him. *Leisure v. State,* 828 S.W.2d 872, 879 (Mo. banc), *cert. denied,* —— U.S. ——, 113 S.Ct. 343, 121 L.Ed.2d 259 (1992).

■ Time limits for filing post-conviction motions are mandatory and the motion court does not have discretion to grant extensions beyond that provided for in the rule. *State v. Six,* 805 S.W.2d 159, 169–70 (Mo. banc), *cert. denied,* —— U.S. ——, 112 S.Ct. 206, 116 L.Ed.2d 165 (1991); *Scroggins v. State,* 859 S.W.2d 704, 710 (Mo.App.1993). After March 31, 1992, appellant was not enti-

tled to file an untimely second amended motion. *Brownlow v. State,* 818 S.W.2d 302, 307 (Mo.App.1991).

■ The argument raised for the first time by appellant in this motion is waived and cannot be considered on appeal. *Amrine v. State,* 785 S.W.2d 531, 533 (Mo. banc), *cert. denied,* 498 U.S. 881, 111 S.Ct. 227, 112 L.Ed.2d 181 (1990); *State v. Reese,* 787 S.W.2d 768, 774 (Mo.App.1990). Additionally, since the second amended motion was not verified as mandated by Rule 24.035(d), this motion is a legal nullity and cannot be considered on appeal. *Scroggins,* 859 S.W.2d at 710.

■ The motion court's summary denial of appellant's second amended motion was technically erroneous since the court was without jurisdiction to entertain it. The untimely, unverified second amended motion should not have been ruled on its merits, *Kendrick v. State,* 804 S.W.2d 386, 387 (Mo.App.1991). It should have been dismissed for want of jurisdiction. We remand the case to the motion court for dismissal. *Smith v. State,* 798 S.W.2d 152, 153 (Mo. banc 1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2043, 114 L.Ed.2d 127 (1991); *Butler v. State,* 841 S.W.2d 192, 193 (Mo.App.1992).

Denial of appellant's *pro se* and first amended motion under Rule 24.035 affirmed. Rule 24.035(j).

Cause remanded for dismissal of appellant's untimely, unverified second amended motion, for want of jurisdiction.

All concur.