**Courtney D. WILKINS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SD 29954.**

Missouri Court of Appeals,
Southern District,
Division One.

April 28, 2010.

Mark A. Grothoff, Columbia, for appellant.

---

Chris Koster, Atty. Gen., Jamie Pamela Rasmussen, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT S. BARNEY, Judge.

Courtney D. Wilkins ("Movant") appeals the motion court's denial following an evidentiary hearing of his postconviction relief motion filed pursuant to Rule 29.15.[1] In his sole point on appeal, Movant, who was granted the right to represent himself at trial, maintains he received ineffective assistance of counsel from his previously appointed counsel in that his counsel "failed to act as a reasonably competent attorney ... by failing to conduct an adequate investigation and failing to adequately prepare for trial...." He asserts such ineffective assistance prejudiced him and "ultimately forced [Movant] to proceed pro se to trial unprepared and without necessary evidence and witnesses." We affirm the judgment and findings of the motion court.

The record reveals Movant was arrested on November 18, 2002, and he was thereafter charged with the following crimes: one count of the unclassified felony of forcible rape, a violation of section 566.030, RSMo Cum.Supp.2006; one count of the Class A felony of kidnapping, a violation of section 565.110; and one count of the Class B felony of assault in the first degree, a violation of section 565.050.[2] Attorney Rod Hackathorn ("Attorney Hackathorn") was appointed to represent Movant on November 27, 2002, and he represented Movant at the preliminary hearing on these charges. On January 22, 2003, Attorney Michaelle Tobin ("Attorney Tobin") en-

---

1. All rule references are to Missouri Court Rules (2008).

2. Movant was also charged as a prior offender under section 558.016. Unless otherwise stated, all statutory references are to RSMo 2000.

tered her appearance and she began to represent Movant thereafter.

In February of 2003, Movant filed several pro se motions despite the fact that he was being represented by Attorney Tobin. Then in March of 2003, he filed a "Motion to Dismiss or Withdraw Appointed Counsel" in which he insisted he would not accept an attorney from the public defender's office because such attorneys "employ[ ] practices that would prevent [Movant] from receiving effective assistance of counsel and a future appointment of counsel from that office will prevent [Movant] from receiving a fair and impartial trial." He also filed a "Motion to Proceed Pro Se" on June 10, 2003.

The trial court held a hearing on these pro se motions on July 7, 2003, and Movant related at that hearing that his appointed counsel had only spoken with him on two occasions and had not properly investigated his case as he had requested. The trial court discussed with Movant the dangerous nature of a defendant proceeding to a jury trial pro se and ultimately denied all of Movant's pro se motions.

Movant then filed another motion to proceed pro se on October 14, 2003, and a hearing was held on this matter on October 28, 2003. At the hearing, Movant again complained about Attorney Tobin's lack of investigation and her choice of trial strategies; however, he did admit that he had met with her a number of times since the last hearing. Further, Attorney Tobin informed the trial court that she had tracked down six of the seven witnesses recommended to her by Movant. At the conclusion of the hearing, the trial court denied Movant's motion to proceed pro se.

On May 12, 2004, Movant filed a "Motion to Withdraw" in which he requested the trial court dismiss Attorney Tobin as his counsel. This was followed on July 28, 2004, by another motion to proceed pro se;

thereafter, on November 22, 2004, Attorney Tobin filed a motion to withdraw as Movant's counsel. A hearing was held on these motions on November 24, 2004. The trial court examined Movant about his desire to proceed pro se and Movant asserted he wanted to proceed pro se because he was more familiar with the facts of his case than Attorney Tobin was; he understood the charges against him and the procedures involved in a jury trial; he understood he would be signing a written waiver of counsel and agreed to do so; he knew what it meant to be charged as a prior offender and he was aware of the possible sentences he might incur; he had no mental defects or other issues that would affect his abilities to represent himself; he understood he would have to follow the procedural rules of evidence as an attorney is required to do; and he understood how juries were selected, that he would have to call his own witnesses, and that he had the right to object to evidence offered by the State. He informed the trial court that he had an associates degree in paralegal studies and asserted he understood that if he were convicted he could not bring an ineffective assistance of counsel claim against himself. The trial court then found Movant knowingly and voluntarily waived his right to counsel; permitted Attorney Tobin to withdraw; and appointed the public defender's office "to act as standby counsel, to be available to represent [Movant] in the event that [Movant] so requests or the court finds it necessary to terminate [Movant's] self-representation."

Thereafter, Movant filed numerous motions in which he sought help with his defense including a "Request to Modify Order of Standby Counsel and Request to Compel Request to Modify Order of Standby Counsel." A hearing was held on January 7, 2005, at which time Movant informed the trial court that he wanted

"assistance of counsel" from the public defender's office, but wanted no "representation" of counsel from that office. The trial court, *inter alia*, denied Movant's request to modify the trial court's previous order appointing standby counsel. However, another hearing was held on January 20, 2005, and at this hearing the public defender's office requested to withdraw from Movant's case completely. Movant continued to assert he wanted the resources the public defender's office could offer him in the way of preparation for his trial and that he wanted "at a minimum [to] have the assistance of the [p]ublic [d]efender's [o]ffice, not necessarily the representation." The trial court denied the public defender's request to withdraw; made arrangements with officials at the jail to explore some options for Movant regarding phone privileges, access to visitors, and other matters; and otherwise denied Movant's requests.

On January 27, 2005, Movant filed a pro se motion requesting the trial court reconsider its ruling on his request to modify the order for standby counsel. A hearing was held on this matter on February 2, 2005. The trial court interpreted Movant's requests in his motion as a request for the reappointment of counsel and the trial court reappointed the public defender's office to represent Movant.

The following week, on February 14, 2005, Movant filed yet another motion to proceed pro se and a hearing was held on this matter on February 16, 2005. At the hearing Movant explained to the trial court that he wanted to proceed pro se and that his motions to modify the appointment of the public defender's office as standby counsel had been based on his erroneous interpretation of "assistance of counsel" versus "representation by counsel." He was again questioned in relation to his understanding of the charges against him, his experience in dealing with the law and legal situations, his understanding of the jury trial process, his recognition of the difficulty and dangers of self-representation, his understanding that his investigation would be hampered by his incarceration, and the fact that by representing himself he was waiving his right to assert ineffective assistance of counsel upon conviction. After affirming two additional times that he desired to represent himself at trial without standby counsel, the trial court found Movant's waiver was knowing and voluntary and the matter was set for a jury trial.

A jury trial was held February 22, 2005, through March 1, 2005. Movant appeared pro se. At the conclusion of the evidence, the jury convicted Movant of the three crimes set out above. He was then sentenced to the following consecutive terms: life imprisonment on Count I, twenty years on Count II, and thirty years on Count III. Movant filed a direct appeal and his convictions and sentences were affirmed in *State v. Wilkins*, 229 S.W.3d 204, 210 (Mo. App.2007).

On October 9, 2007, Movant filed a pro se Rule 29.15 motion. Movant was then appointed counsel and his counsel filed a statement in lieu of an amended motion on January 9, 2008.

An evidentiary hearing on Movant's motion was held on February 11, 2009.[3] The only testimony offered at the hearing was that of Movant. Movant testified that he was arrested in November of 2002 and at that time Attorney Hackathorn was ap-

---

**3.** At the hearing, Movant filed a "notice of conflict with appointed counsel" in which he requested the motion court take judicial notice of the fact that he was "not in agreement with appointed counsel's position" on the issues raised in his pro se Rule 29.15 motion. The motion court noted Movant's assertions would be reflected in the record.

pointed to represent him. Thereafter, Attorney Tobin entered her appearance, and Movant testified she did not meet with him until March of 2003 at which time Movant gave her a list of about 30 witnesses to contact and a list of possible evidence to be gathered including phone records, certain medical records, and information from his home computer.[4] He was unable to inform the motion court as to what these uncontacted witnesses would have added to his case and, instead, centered his complaints on Attorney Tobin's lack of contact with the witnesses. He stated no investigation into his case occurred by his appointed counsel until June of 2003. He further testified that in November of 2004 when he was finally granted permission to represent himself, there had still been little or no investigation completed by any of his appointed attorneys; however, he admitted Attorney Tobin's files revealed she had contacted some of his proposed witnesses. Further, despite his lack of help from Attorney Tobin, he admitted that he called four witnesses to testify at trial and that he had been able to obtain subpoenas as needed during his preparation for trial. He maintained that during his self-representation he was hindered by his appointed counsel's failure to investigate because key evidence was lost and witnesses were unable to remember certain events due to the passage of time. He further related that his appointed counsel's inattentiveness and lack of investigation "affected [his] ability to effectively represent [him]self at trial."

On June 29, 2009, the motion court entered its "Order Denying Movant's Motion to Vacate, Set Aside, or Correct Judgment and Sentence Under Rule 29.15." The motion court found Movant "failed to prove

that his attorney was ineffective for allegedly failing to investigate witnesses and evidence" in that Movant "failed to specifically describe the information and the witnesses his attorney allegedly failed to investigate;" he "was unable to list any names or potential contact information for these witnesses nor did he prove how these witnesses would have helped his defense;" and he "was very vague as to the evidence [Attorney] Tobin was alleged to not have investigated." Accordingly, the motion court denied Movant's request for postconviction relief under Rule 29.15. This appeal by Movant followed.

Movant's sole point relied on asserts the motion court erred in denying his Rule 29.15 motion "because a review of the record leaves a definite and firm impression that [Movant] was denied effective assistance of counsel ..." in that "his appointed counsel failed to act as a reasonably competent attorney would under the same or similar circumstances by failing to conduct an adequate investigation and failing to adequately prepare for trial." He maintains he was "prejudiced by his appointed counsel's failures in that important witnesses and evidence were not located and brought to the attention of the court and the jury, and counsel's inadequate investigation and preparation ultimately forced [Movant] to proceed pro se to trial unprepared and without necessary evidence and witnesses."

 Our review of the denial of a Rule 29.15 motion is limited to determining whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k); *Williams v. State*, 168 S.W.3d 433, 439 (Mo. banc 2005). The motion court's findings and conclusions are

4. Movant contended that certain pictures on his home computer would prove that the victim in his underlying criminal case had a motive to make up the allegations against him

and that the phone records would reveal he was on the telephone at the time of the crimes.

clearly erroneous "only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made." *State v. Ervin,* 835 S.W.2d 905, 928 (Mo. banc 1992); *Marschke v. State,* 185 S.W.3d 295, 302 (Mo.App.2006). Additionally, "[c]redibility of [a] witness is a determination to be made by the motion court [and][t]his Court must defer to the motion court's determination on matters of credibility." *Berry v. State,* 225 S.W.3d 457, 462 (Mo.App.2007) (internal quotations omitted).

■ A movant bears the burden of proving, by a preponderance of the evidence, that he received ineffective assistance of counsel. Rule 29.15(i). To establish ineffective assistance of counsel, a movant must show that: (1) "counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney;" and (2) counsel's poor performance prejudiced the defense. *State v. Hall,* 982 S.W.2d 675, 680 (Mo. banc 1998); *see Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To satisfy the first prong, a movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. "The reviewing court presumes that the trial attorney's conduct was reasonable and was not ineffective." *Clayton v. State,* 63 S.W.3d 201, 206 (Mo. banc 2001). The second prong of the *Strickland* test is met when a movant shows that his attorney's errors affected the judgment. *Strickland,* 466 U.S. at 691, 104 S.Ct. 2052. A movant can prove that the judgment was affected when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct.

2052. Movant must prove each portion of this two-pronged performance and prejudice test in order to prevail on his ineffective assistance of counsel claim. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987).

■ At the outset we note that "[w]hen an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel." *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). For example, "a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'" *Id.* at 834 n. 46, 95 S.Ct. 2525; *see State v. Tyler,* 622 S.W.2d 379, 385 (Mo.App.1981) (holding that *Faretta,* 422 U.S. at 834, 95 S.Ct. 2525, "does not guarantee [a] defendant that his self-representation must be effective and, indeed, warns that a defendant who conducts his own defense relinquishes many benefits associated with the right of counsel").

Here, the State cites this Court to *Gaye v. State,* 576 S.W.2d 554 (Mo.App.1978), and urges that Movant cannot bring an ineffective assistance of counsel claim for any reason, even against his pretrial counsel, based on the simple fact that he chose to represent himself at trial. In *Gaye,* 576 S.W.2d at 556, the movant represented himself at trial due to a finding by the trial court that his "adamant refusal of assistance by his employed counsel, an able member of the bar, constituted a waiver of representation." *State v. Gaye,* 532 S.W.2d 783, 790 (Mo.App.1975). The movant was convicted and brought a motion for postconviction relief under Rule 27.26.[5] *Gaye,* 576 S.W.2d at 556. One of the

5. "'Rules 29.15 and 24.035, effective January 1, 1988, replaced Rule 27.26.'" *Brown v. State,* 179 S.W.3d 404, 408 n. 1 (Mo.App.

2005) (quoting *Fincher v. State,* 795 S.W.2d 505, 506 (Mo.App.1990)).

claims in his motion was that prior to his self-representation his last appointed counsel failed to properly "conduct a pretrial investigation." *Id.* The reviewing court found:

> [t]his ground is general and conclusional. It does not specify what information, facts, evidence or witnesses might have been disclosed if an investigation had been made. It does not demonstrate that the alleged neglect of counsel resulted in some prejudice to his position and deprived him of certain substantial rights that would affect the trial of his case. *Furthermore, [the] movant waived a claim of ineffective assistance of counsel when he sought and was allowed to represent himself.* This contention has no merit.

*Id.* (internal citations omitted) (emphasis added).

 We agree with the State that the present situation is akin to that found in *Gaye*, 576 S.W.2d at 556. As in *Gaye v. State*, Movant repeatedly, affirmatively and clearly expressed his desire to the trial court to represent himself and to waive his right to counsel. In addition, at two separate hearings he informed the trial court that he understood that by proceeding pro se he was "giving up [his] right to any [postconviction] relief based on ineffective assistance of counsel" and that by waiving counsel he would "not be able to come back ... and complain that [his] lawyer did not do an adequate job of representing [him]." [6] *See id.* at 556. Furthermore, the record does not support the proposition that any waiver of counsel was done under duress. *See Leady v. State*, 733 S.W.2d 502, 505 (Mo.App.1987). It is clear from the record that Movant

voluntarily waived his right to counsel and that he did so with the understanding that he would not be able to raise a claim of ineffective assistance of counsel. *See Gaye*, 576 S.W.2d at 556. The motion court's ruling denying his request for relief was not clearly erroneous. Point denied.

The findings, conclusions of law and judgment of the motion court are affirmed.

BATES, P.J., and BURRELL, J., Concur.

---

6. We note Movant has not expressly challenged the actions of standby counsel. In this connection, we observe that a "[d]efendant cannot adamantly waive his right to trial counsel and then complain that counsel failed to actively participate at trial." *State v. Davis*, 867 S.W.2d 539, 546 (Mo.App.1993).