Benjamin Lewis HARPER,
Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. SD 32000.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 14, 2013.

Jeannie M. Willibey, Kansas City, MO, for Appellant.

Daniel N. McPherson, Jefferson City, MO, for Respondent.

MARY W. SHEFFIELD, J.

Benjamin Lewis Harper ("Movant") appeals from the motion court's denial of his Rule 29.15[1] motion for post-conviction relief. Movant claims the trial court clearly erred in denying his claim that David Back ("trial counsel") provided ineffective assistance of counsel during the proceedings regarding whether Movant's waiver of counsel prior to trial was knowing and voluntary. Movant also argues that he is entitled to remand because he was abandoned by post-conviction counsel. We disagree and affirm the trial court's decision.

### Standard of Review

An evidentiary hearing is not required in a post-conviction case when "the motion and the files and records of the case conclusively show that the movant is entitled to no relief[.]" Rule 29.15(h). Under this rule, a post-conviction movant

---

1. All rules references are to Missouri Court Rules (2012).

is entitled to a hearing on his motion "only if movant can show 1) that his motion alleged facts, not conclusions, warranting relief; 2) the facts alleged were 'not conclusively refuted by the files and records in the case;' and 3) 'the matters complained of ... resulted in prejudice to the movant.' " *Baumruk v. State*, 364 S.W.3d 518, 525 (Mo. banc 2012)(quoting *State v. Driver*, 912 S.W.2d 52, 55 (Mo. banc 1995)).

Appellate review of the denial of a motion for post-conviction relief "is limited to determining whether the findings and conclusions of the motion court are clearly erroneous." *Wilkins v. State*, 308 S.W.3d 778, 782 (Mo.App. S.D.2010). Clear error is found only where a review of the entire record leaves the appellate court "with the definite and firm impression that a mistake has been made." *Id.* at 783.

### Factual and Procedural Background

Movant was charged with second-degree burglary, § 569.170, RSMo (2000), and stealing over $500, § 570.030, RSMo Cum. Supp. (2009). While the case was pending, Movant filed several *pro se* motions and ultimately requested permission to represent himself at trial. Also during this time period, the trial judge entered an order permitting a psychologist to interview Movant. On the morning of trial, the trial court conducted a *Faretta*[2] hearing to determine whether Movant's waiver of counsel was knowing and voluntary. During that hearing, Movant stated that he understood the charges against him and the range of punishment. He told the court he had a high school diploma and some college education. Later, the judge asked Movant about his mental state, and the following exchange occurred:

THE COURT: Have you ever been treated for a mental condition?

[MOVANT]: Bipolar.

THE COURT: You have been treated for that?

[MOVANT]: Yeah, it was a misdiagnosis. Misdiagnosis.

THE COURT: Oh, it was a misdiagnosis?

[MOVANT]: Yes.

THE COURT: So it is your belief you do not suffer from bipolar disease?

[MOVANT]: No, Your Honor.

THE COURT: That is your understanding?

[MOVANT]: Yes, I do not—

THE COURT: When was the last time you were treated for that?

[MOVANT]: Oh, it was years ago. It was when I was a kid. My mother had claimed that I had some type of problem. And so I was evaluated and that doctor ended up misevaluating me and so another doctor gave his recommendation and come to find out it was just that, you know, I was just having a very bad week.

THE COURT: Were you in high school at that time?

[MOVANT]: I think I was in maybe junior high. If not, maybe middle school.

THE COURT: So, you are 28 now, so that was over 10 years ago?

[MOVANT]: Probably longer, Your Honor.

THE COURT: Have you been treated since that time?

[MOVANT]: No, Your Honor.

THE COURT: Have you ever been diagnosed with any other mental disease since that time?

[MOVANT]: No, Your Honor.

**2.** *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

Then there was some discussion of Movant's physical condition before Movant assured the court that his decision to represent himself was his own responsibility and that no one was forcing him to make that decision. The judge found that Movant "knowingly, intelligently and voluntarily waived his right to counsel." The case proceeded to trial, and Movant was found guilty as charged.

Movant's mental health issues were discussed again at sentencing. The trial court received a copy of the sentencing assessment report which included a detailed discussion of Movant's prior mental health diagnoses and hospitalizations. Movant's mother testified about his long history of mental health problems and asked the court to consider Movant's mental health issues in the sentencing determination. The trial court stated that despite Movant's problems, he did not believe Movant was "a crazy person." Movant was sentenced to two concurrent terms of eight years incarceration. When the judge inquired into Movant's satisfaction with counsel, Movant expressed frustration with the limitations imposed on his self-representation by the fact that he was incarcerated pending trial. The trial court rejected this assertion, specifically noting its prior finding that Movant had made a knowing and voluntary waiver of counsel.

Movant's convictions were affirmed on appeal. *State v. Harper*, No. SD30303 (Mo.App.S.D.2011). The mandate in that case was issued on March 15, 2011. *Id.*

On June 7, 2011, Movant filed a *pro se* motion for post-conviction relief. Among the claims in that motion was a claim titled "Counsel's Dereliction of Duty" in which Movant alleged that "Counsel failed to do enough discovery, failed to object to evidence or arguments presented by the State, failed to interview or call key witnesses, e.g., alibi witnesses; forced the Defendant to represent himself, when he has a Mental Illness." Movant alleged, *inter alia*, that: (1) trial counsel was aware of Movant's mental illness because he had requested a court-ordered mental evaluation and the doctor who attempted to conduct that evaluation stated Movant suffered from "significant mental health issues" and (2) trial counsel failed to inform the court of these mental health issues and the effect they would have on Movant's ability to represent himself.

On June 8, 2011, the motion court appointed the public defender to represent Movant in the post-conviction action. The motion court ordered an additional thirty days to file an amended motion as permitted under Rule 29.15(g). Thus, the due date for the amended motion was September 6, 2011. On September 7, 2011, post-conviction counsel filed a statement in lieu of an amended motion. In that statement, post-conviction counsel stated she had reviewed the records and files from the case, had spoken with Movant, and determined there were no meritorious claims or additional facts that had been omitted from the *pro se* motion.

The motion court determined a hearing was not necessary because Movant had not pled facts warranting relief that were not refuted by the record. The motion court issued findings of fact and conclusions of law on March 15, 2012. Those findings and conclusions did not address the issue of the untimely filing of the statement in lieu of an amended motion. In response to Movant's claim that trial counsel was ineffective for failing to bring Movant's mental health problems to the trial court's attention during the *Faretta* hearing, the motion court held that Movant waived any claim of ineffective assistance of counsel when he decided to represent himself at trial.

On March 23, 2012, post-conviction counsel filed a motion to amend the judgment, claiming the motion court had failed to address two of the claims listed in the *pro se* motion. On April 19, 2012, the motion court entered an amended judgment which included discussion of the additional claims. The motion court again denied Movant's claim that trial counsel was ineffective for failing to inform the trial court of Movant's mental health history on the ground that Movant waived any claim of ineffective assistance of counsel when he voluntarily decided to represent himself at trial. This appeal followed.

## Discussion

### Movant's Claim of Ineffective Assistance of Counsel Is Refuted by the Record

In his first point, Movant claims that the motion court clearly erred in denying his claim trial counsel was ineffective for failing to inform the trial court of Movant's mental health issues during the *Faretta* hearing. If trial counsel had done so, Movant contends, the trial court would have found Movant incapable of representing himself so the result of the proceeding would have been different. We disagree.

 The right to counsel necessarily encompasses the right to effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To succeed on a claim of ineffective assistance of counsel, the post-conviction movant must show deficient performance on the part of counsel that prejudiced the defense. *Id.* at 687, 104 S.Ct. 2052. However, "[w]hen an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel." *Wilkins v. State,* 308 S.W.3d 778, 783 (Mo.App. S.D.2010) (quoting *Faretta v. California,* 422 U.S.

806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)). Thus, "a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'" *Wilkins,* 308 S.W.3d at 783. This prohibition applies equally to claims involving errors made by pre-trial counsel prior to the movant's waiver of counsel. *See id.*

Prejudice from ineffective assistance of counsel exists where there is a reasonable probability that, but for the unprofessional errors of counsel, the result of the proceeding would have been different. *Baumruk,* 364 S.W.3d at 525. "Should a movant fail to satisfy either the performance prong or the prejudice prong of the test, the other prong need not be considered." *Williams v. State,* 304 S.W.3d 745, 748 (Mo.App. S.D.2010) (quoting *Johnson v. State,* 5 S.W.3d 588, 590 (Mo.App. W.D. 1999)). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be followed." *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052.

 Generally speaking, the choice of evidence to present at a hearing is a matter of trial strategy. *See Whitt v. State,* 366 S.W.3d 669, 674 (Mo.App. E.D.2012). Furthermore, prejudice will not be found from the failure to adduce additional evidence regarding a movant's mental health where that additional evidence would not have affected the judge's decision. *See Edgington v. State,* 869 S.W.2d 266, 268 (Mo.App. W.D.1994). For example, in *Edgington,* the movant claimed that if plea counsel had informed the sentencing judge of the extensive nature of the movant's mental health problems, the sentencing judge would have given the movant a lesser sentence. *Id.* at 267. However, the sentencing judge had examined the pre-

sentence investigation report which included information about the movant's mental health history, so the judge in the post-conviction case determined the additional information would not have impacted the sentencing decision. *Id.* The appellate court affirmed the motion court's decision, stating the claim was refuted by the record which showed the sentencing judge had much of the information, and the additional information would not have altered the sentence. *Id.* at 268.

■ Here, similarly, the trial judge was aware of Movant's mental health history. The trial court was aware of the potential competency issue because it had issued an order allowing an interview with a psychologist. Additionally, Movant told the judge during the *Faretta* hearing that he had been treated for a mental illness in the past. The trial judge determined Movant was nevertheless able understand the proceedings and make a voluntary waiver of counsel. When confronted with additional evidence regarding Movant's mental health history, the trial court reiterated its finding that the waiver of counsel had been knowing and voluntary. This record refutes Movant's claim that the trial judge would have made a different determination regarding Movant's waiver of counsel if he had the additional information. *See Edgington,* 869 S.W.2d at 268.

Movant's reliance on *Bolden v. State,* 171 S.W.3d 785, 790 (Mo.App. W.D.2005), is misplaced. In that case, the movant engaged in bizarre behavior in court and had been institutionalized at one point during the proceedings. *Id.* at 786–88. Even though two psychologists recommended the movant be institutionalized, the trial attorney in that case waived any mental health defense. *Id.* at 790. Here, in contrast, Movant behaved appropriately in court, and his treatment for mental illness had occurred a long time in the past. The

facts of *Bolden* are simply not similar to those of the present case.

Movant also discusses *State v. Baumruk,* 280 S.W.3d 600 (Mo. banc 2009), at length. That case does not illuminate our analysis because of its differing procedural posture. *Baumruk* was a direct appeal involving the issue of whether the trial court improperly denied the defendant's request to represent himself at trial. *Id.* at 610. That case says nothing about whether trial counsel can be found or should be found ineffective for failing to bring information to the attention of the court during a *Faretta* hearing.

■ Finally, Movant argues he was prejudiced because he committed errors at trial. If these types of facts were considered as prejudice in the context of this type of claim, the result would be to negate the consequences of the decision to proceed *pro se.* As discussed above, when a defendant waives his right to counsel, he necessarily gives up many of the benefits of being represented by counsel. *Wilkins,* 308 S.W.3d at 783. If we were to accept Movant's argument, any *pro se* defendant who did not like the result at trial could claim ineffective assistance of counsel and then have a second trial with counsel. This would result in a waste of judicial resources, and demonstrates why claims of ineffective assistance of counsel cannot be brought after a defendant chooses to represent himself at trial.

Movant's allegations in support of his claim of ineffective assistance of counsel were refuted by the record. Movant waived any claim of ineffective assistance of counsel when he elected to represent himself at trial, and he was not prejudiced in any event because the trial court was already aware of Movant's mental health history. Movant's first point is denied.

## Movant Was Not Prejudiced by Post–Conviction Counsel's Untimely Filing

In his second point, Movant claims he was abandoned by his post-conviction counsel. In support he points to three alleged errors made by post-conviction counsel: (1) that the statement in lieu of an amended motion was filed one day late; (2) that post-conviction counsel did not amend the *pro se* motion to add additional facts in support of Movant's claim that trial counsel was ineffective for failing to bring Movant's mental health issues to the trial court's attention during the *Faretta* hearing; and (3) that post-conviction counsel did not amend the *pro se* motion to add a claim of ineffective assistance of trial counsel regarding trial counsel's performance at sentencing. These facts, even if true, do not warrant relief.

■■■■ Generally speaking, where a post-conviction motion is untimely filed, the motion court has no authority to consider it, and it must be dismissed. *See, e.g., Valdez v. State*, 35 S.W.3d 877, 878–79 (Mo.App. S.D.2001). An exception to this rule has been recognized in cases where post-conviction counsel has abandoned the movant. *See, e.g., Moore v. State*, 934 S.W.2d 289, 290 (Mo. banc 1996). Generally, abandonment by postconviction counsel will be found in two circumstances: "(1) [when] post-conviction counsel takes no action on a movant's behalf with respect to filing an amended motion and as such the record shows that the movant is deprived of a meaningful review of his claims; or (2) when post-conviction counsel is aware of the need to file an amended postconviction relief motion and fails to do so in a timely manner." *Edgington v. State*, 189 S.W.3d 703, 706 (Mo.App. W.D.2006) (alteration in original). "A third type of abandonment occurs when post-conviction counsel's overt actions prevent the movant from filing the original motion timely." *Moore v. State*,

328 S.W.3d 700, 702 (Mo. banc 2010). However, "[b]ecause there is no recognized constitutional right to counsel in a post-conviction proceeding, 'a post-conviction movant has no right to effective assistance of counsel.'" *Edgington*, 189 S.W.3d at 707 (quoting *Winfield v. State*, 93 S.W.3d 732, 738 (Mo. banc 2003)). For this reason, the failure to include an additional claim is not considered abandonment. *Id.*

■■■■ As the above authorities demonstrate, there is no relief available based on Movant's allegations that post-conviction counsel failed to include additional facts and claims. Such failures are simply allegations of ineffective assistance of post-conviction counsel that are not reviewable. *Id.*

■■■■ Furthermore, Movant is not entitled to any additional relief on his claim that postconviction counsel's statement in lieu of an amended motion was filed out of time. The amended motion was due on September 6, 2011. The statement in lieu of an amended motion was filed on September 7, 2011. Ordinarily, this untimely filing would give rise to a presumption of abandonment which would require remand to the motion court for a determination in the first instance of whether the untimely filing was due to any fault of the movant. *See Dudley v. State*, 254 S.W.3d 109, 111–112 (Mo.App. W.D.2008).

■■■■ Having found a presumption of abandonment, we must next determine the appropriate remedy. *See Morgan v. State*, 296 S.W.3d 1, 5 (Mo.App. E.D.2009). There are two possible remedies in situations where an appellate court finds abandonment of post-conviction counsel. *Id.* Depending on the circumstances of the case, the cause will be remanded either (1) for the appointment of new counsel and the filing of an amended motion or (2) with instructions to treat the amended motion as timely filed. *Id.* "Remanding to allow new counsel to file an amended motion is

appropriate in situations where appointed counsel filed no motion nor took any action on behalf of the movant[.]" *Id.* However, when the abandonment alleged concerns only the timing of any filing, the best remedy is remand with instructions to treat the filing as timely. *Id.* Where the motion court has already treated the filing as timely and ruled on the merits of the postconviction motion, remand would serve no purpose. *Id.*

Here, remand would serve no purpose because Movant already received the relief to which he would have been entitled, *i.e.,* the treatment of the statement in lieu of an amended motion, as being timely filed. The motion court did not address the issue of whether the statement in lieu of an amended motion had been timely filed, but instead ruled on the merits of each of Movant's claims. Furthermore, this is not a case where post-conviction counsel did nothing on Movant's behalf. Post-conviction counsel fully evaluated the case and ensured Movant received meaningful review of all his claims by filing a motion to amend the judgment when the motion court failed to consider several of Movant's claims.

Movant received meaningful review of his post-conviction claims on the merits. Consequently, even though he may technically have been abandoned when postconviction counsel filed her statement in lieu of an amended motion one day out of time, Movant is not entitled to additional relief. Movant's second point is denied.

### Decision

The motion court's decision is affirmed.

DANIEL E. SCOTT, P.J. and DON E. BURRELL, C.J., concur.