In the Missouri Court of Appeals
 Eastern District
 DIVISION ONE
TOMMY J. DAVIS, ) No. ED108814
 )
 Movant/Appellant, )
 ) Appeal from the Circuit Court
 ) of Cape Girardeau County
 vs. ) Cause No. 18CG-CC00084
 )
STATE OF MISSOURI, ) Honorable Benjamin F. Lewis
 )
 Defendant/Respondent. ) Filed: April 20, 2021

 OPINION

 Tommy J. Davis (“Movant”) appeals the motion court’s judgment denying his Rule 29.15

motion for post-conviction relief (“PCR”) without an evidentiary hearing.1 Movant appeals the

PCR denial on two grounds. First, Movant argues the motion court clearly erred in denying his

claim that he was denied access to basic legal materials and facilities to effectively prepare his

defense and adequately represent himself at trial. In his second point, Movant argues he was

denied effective assistance of counsel because appellate counsel failed to raise on direct appeal a

claim that the trial court erred in overruling Movant’s objection to proceed with his trial because

he was ill-equipped and unprepared to try his case as a result of the county jail’s lack of basic

legal materials in its law library. Finding that the motion court did not err, we affirm.

1
 All references are to Missouri Supreme Court Rules (2018).

 1
 I. Factual and Procedural Background

 In June of 2014, Movant was charged with first-degree assault and armed criminal action,

which stemmed from the shooting of Christopher Watson (“Victim”) over Movant’s belief that

Victim possessed some of his belongings. During the more than three years prior to trial, Movant

was represented by five different attorneys, two of them in private practice and three from the

public defender’s office. Each attorney was removed from Movant’s case at his insistence.

Movant also represented himself pro se numerous times during those three years, even with

repeated advice from the trial court that doing so was not advisable and that he was entitled to a

public defender. Nevertheless, prior to his trial, Movant appeared in front of the trial court

consistently expressing his wish to represent himself. Movant also filed numerous motions with

the trial court, all of which were written from jail, on his own behalf during the time he was

detained and awaiting trial.

 In November of 2017, a jury trial was held, and Movant appeared in person pro se.

Before the venire panel entered the courtroom, Movant was vocal about his refusal to proceed

with the trial for multiple reasons, including that he was not provided the necessary materials to

properly represent himself, did not receive certain non-relevant or non-existent documents from

the court, generally declared the trial court to be without authority or jurisdiction over him, and

believed there was a conspiracy against him by the “bar association.” Movant ultimately chose to

proceed pro se and also chose not to attend the trial, stating “there’s no way” he would agree to

proceed, and returned to his cell for the duration of the trial. The trial court informed Movant that

if he wanted to participate in the trial at any point, he could return to the courtroom. The trial

court informed the venire panel of Movant’s choice to both represent himself and to not be

 2
present for trial and explained that they could not presume guilt based on the fact that Movant

did not testify or attend the trial.

 The State presented testimony from three officers, the evidence technician who processed

the scene of the shooting, and Victim. The State also entered into evidence photos of the crime

scene, photos of Victim’s wounds, a shell casing, and the bullet that struck Victim. The State’s

witnesses’ testimony revealed that Movant called police around 3:00 a.m. on the morning of June

4, 2014 to report items—shorts and tennis shoes—he believed were left at Victim’s house by his

girlfriend. The officer that responded to Movant’s residence testified that Movant was agitated

and wanted the officers to accompany him to Victim’s house, about a five to ten minute drive

from Movant’s residence, to retrieve his items right away. When the officer explained that this

was a civil matter because the items were not stolen and that it would be better to retrieve his

belongings during daylight hours, Movant became more agitated and demanded to speak to a

supervisor, saying he would do “anything to get his stuff back.” The supervising police sergeant

then responded to Movant’s address around 4:00 a.m. and testified Movant was agitated, hostile,

and wanted his belongings that were left at Victim’s house by his girlfriend. The sergeant

observed a black Chrysler car in the garage and noted Movant was wearing a black shirt and dark

colored shorts, and, after speaking with him, Movant eventually agreed to contact the police

department during daylight hours to have an officer accompany him to Victim’s house. At

approximately 4:15 a.m., the patrol officer and sergeant left the scene. At approximately 5:00

a.m. that same morning, dispatch reported shots fired at Victim’s address.

 Victim testified that around 5:00 a.m. he had just returned to his house from work when

he heard someone banging on his door. Before he could answer, Movant pushed the door open,

“smirked” at Victim, and fired a shot into his stomach, which required emergency surgery.

 3
Additionally, the State presented evidence showing that Movant’s black Chrysler car was being

tracked by police with a GPS tracker for an unrelated reason at the time, and the tracker placed

the Chrysler at Movant’s residence during his initial interactions with the patrol officer and

sergeant, and then at Victim’s address at the time of the shooting.

 The jury found Movant guilty of first-degree assault and armed criminal action.

Following the jury trial, Movant was sentenced in December of 2017 to thirty years’

imprisonment on Count I and twenty years’ imprisonment on Count II, to be served

consecutively.

 This Court affirmed Movant’s convictions and sentences in State v. Davis, 580 S.W.3d

26 (Mo. App. E.D. 2019) and issued its mandate on September 5, 2019. On April 9, 2018, while

Movant’s appeal was pending, he filed a premature Rule 29.15 motion. Appointed counsel filed

a motion to hold open the premature filing pending the direct appeal. Following the issuance of

the mandate, the trial court granted post-conviction counsel an additional thirty days to file the

amended motion. The amended motion was timely filed on December 4, 2019. On February 11,

2020, the motion court denied Movant’s amended Rule 29.15 motion for PCR without an

evidentiary hearing.

 This appeal follows.

 II. Standard of Review

 Our review of a motion court’s Rule 29.15 judgment “is limited to a determination of

whether the motion court’s findings of fact and conclusions of law are clearly erroneous.” Price

v. State, 422 S.W.3d 292, 294 (Mo. banc 2014) (quoting Moore v. State, 328 S.W.3d 700, 702

(Mo. banc 2010)); Rule 29.15(k). “In reviewing the overruling of a motion for post-conviction

relief, the motion court’s ruling is presumed correct,” and we must uphold the motion court’s

 4
judgment if it is sustainable on any grounds. McLaughlin v. State, 378 S.W.3d 328, 336–37 (Mo.

banc 2012); McGuire v. State, 523 S.W.3d 556, 563 (Mo. App. E.D. 2017).

 To prevail on an ineffective assistance of appellate counsel claim, a movant must

establish both elements of the two-prong test set forth in Strickland v. Washington, 466 U.S. 668

(1984); Meiners v. State, 540 S.W.3d 832, 836 (Mo. banc 2018). First, he must prove that the

appellate counsel’s performance was deficient and that counsel “failed to exercise the level of

skill and diligence that a reasonably competent counsel would in a similar situation.” McIntosh v.

State, 413 S.W.3d 320, 324 (Mo. banc 2013). The alleged error on appeal must be “so obvious

that a competent and effective lawyer would have recognized and asserted it.” Williams v. State,

168 S.W.3d 433, 444 (Mo. banc 2005). Second, a movant must show prejudice. Strickland, 466

U.S. at 687. Prejudice exists where “there is a reasonable probability that, but for counsel’s

unprofessional errors, the result of the proceeding would have been different.” Id. at 694.

 A movant is entitled to an evidentiary hearing only if: (1) he pleaded facts, not

conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the

matters complained of resulted in prejudice to movant. McLaughlin, 378 S.W.3d at 337. To

obtain an evidentiary hearing, a movant “must allege facts, not refuted by the record, showing

that counsel’s performance did not conform to the degree of skill, care, and diligence of a

reasonably competent attorney and that the movant was thereby prejudiced.” Morrow v. State, 21

S.W.3d 819, 823 (Mo. banc 2000).

 III. Discussion

Point I

 In his first point, Movant alleges the motion court clearly erred in denying his Rule 29.15

motion for PCR without an evidentiary hearing because he alleged facts that warranted relief and

 5
that were not clearly refuted by the record. Specifically, Movant alleges he was denied access to

basic legal materials and facilities to effectively prepare his defense and adequately represent

himself at trial.

 Analysis

 “The right of self-representation so implied into the Sixth Amendment is applicable to the

states by way of the Due Process Clause of the Fourteenth Amendment, and prevents a state

from forcing upon a defendant unwanted counsel.” State v. Black, 223 S.W.3d 149, 153 (Mo.

banc 2007); see also Faretta v. California, 422 U.S. 806, 836 (1975). A criminal defendant has a

constitutional right to meaningful access to the courts, “which can be met by adequate law

libraries for a pro se defendant, but also by other alternative means, including proffering

assistance from available counsel.” Garth v. State, 411 S.W.3d 366, 372 (Mo. App. E.D. 2013).

 On the day of his jury trial, Movant insisted on proceeding pro se. Before voir dire,

Movant refused to be present for jury selection and trial because he was not “provide[d] the

proper materials for me to properly represent myself,” did not receive certain non-relevant or

non-existent documents from the court, and believed there was a conspiracy against him by the

“bar association.” The trial court informed Movant that the trial would proceed since the case

had been set for trial approximately six times prior, being continued each time at Movant’s

request.

 Movant had meaningful access to the courts through his access to the county jail’s law

library. Movant argues that if he were granted an evidentiary hearing, he could prove he was

denied access to basic legal materials in jail. This claim is refuted by the record. In fact,

numerous motions were written and filed by Movant from his jail cell that included case law,

statutes, and rules of criminal procedure, showing Movant did have access to a law library and

 6
law materials. See Chrisman v. State, 288 S.W.3d 812, 822 (Mo. App. S.D. 2009) (finding the

movant did have access to legal materials, despite his claim to the contrary, based on numerous

motions, forms, and pleadings filed with the trial court from the county jail). Movant “simply did

not have unlimited access to the best law library, and there is no constitutional right to such.”

Garth, 411 S.W.3d at 372 (finding that a pro se defendant was not denied access to a law library

or legal materials despite not having “unlimited access to the best law library”).

 Furthermore, in Missouri, the State’s constitutional obligation to provide a defendant

meaningful access to the courts is met when it offers court-appointed counsel. Id. Because

Movant alternatively achieved meaningful access to the courts through experienced and

knowledgeable counselors, his assertion that he could have represented himself at trial with

access to adequate legal materials is of no consequence. See id. Specifically, Movant achieved

meaningful access to the courts through five experienced criminal defense attorneys, three of

which were made available to Movant through the public defender’s office and two of which

were privately hired. Each counselor was removed from the case at Movant’s request, the last of

which he fired on the eve of his trial. Movant’s refusal of assistance from legally trained persons

does not entitle him to relief. See id. Therefore, Movant failed to demonstrate he was completely

denied meaningful access to the courts.

 Lastly, “a defendant who elects to represent himself cannot thereafter complain that the

quality of his own defense amounted to a denial of ‘effective assistance of counsel.’” See Davis,

580 S.W.3d at 35 (quoting Wilkins v. State, 308 S.W.3d 778, 783 (Mo. App. S.D. 2010)).

 Based on the foregoing, the motion court did not clearly err in denying Movant’s Rule

29.15 motion for PCR without an evidentiary hearing because the facts alleged were clearly

refuted by the record.

 7
 Point I is denied.

Point II

 In his second point, Movant alleges the motion court clearly erred in denying his Rule

29.15 motion for PCR without an evidentiary hearing because he alleged facts that warranted

relief and that were not clearly refuted by the record. Specifically, Movant argues he was denied

effective assistance of counsel because appellate counsel failed to raise on direct appeal a claim

that the trial court erred in overruling Movant’s objection to proceed with his trial because he

was ill-equipped and unprepared to try his case as a result of the county jail’s lack of basic legal

materials in its law library. Movant further alleges that a reasonably competent appellate attorney

in similar circumstances would have raised this issue on appeal and that, but for the appellate

counsel’s error, there is a reasonable probability Movant’s direct appeal would have resulted in a

different outcome.

 Analysis

 “To prevail on a claim of ineffective assistance of appellate counsel, the movant must

establish that counsel failed to raise a claim of error that was so obvious that a competent and

effective lawyer would have recognized and asserted it.” Williams, 168 S.W.3d at 444. A movant

must also demonstrate that “[t]he claimed error must have been sufficiently serious to create a

reasonable probability that, if it were raised, the outcome of the trial would have been different.”

Id.

 Movant has failed to demonstrate that appellate counsel’s performance was ineffective. It

should be noted that the alleged error was not an issue that was raised in a motion for a new trial,

and therefore was not preserved for appeal. “Appellate counsel is not deemed ineffective for

failing to raise an unpreserved error on appeal[.]” Ivory v. State, 422 S.W.3d 503, 506 (Mo. App.

 8
E.D. 2014). Further, the record reflects that Movant’s claim—that the trial court erred in

proceeding with the trial despite Movant’s objection that he lacked proper legal materials—

would not have been successful if raised on direct appeal by appellate counsel. Specifically, as

discussed in Point I, Movant’s claim is meritless because his constitutional right to meaningful

access to the courts was fulfilled both through numerous lawyers available to represent him and

through his access to legal materials in the jail’s law library, despite not having “unlimited access

to the best law library.” Garth, 411 S.W.3d at 372; see supra Discussion, Point I, Analysis.

“Appellate counsel is not ineffective for failing to assert a claim which would not have resulted

in reversal had it been raised on direct appeal.” Shelton v. State, 440 S.W.3d 464, 472 (Mo. App.

E.D. 2014) (quoting Walker v. State, 34 S.W.3d 297, 302 (Mo. App. S.D. 2000)).

 Moreover, Movant failed to establish prejudice. The evidence of guilt at trial was

overwhelming given the testimony of Victim and the two officers who responded to Movant’s

home and found him agitated about property left at Victim’s home, saying he would do

“anything to get his stuff back.” The officers observed Movant’s black Chrysler car there, the

same car that was later placed at the scene of the shooting by GPS, and officers noted Movant’s

physical and clothing description, which was corroborated by Victim. Movant failed to satisfy

Strickland’s prejudice prong because the record contained overwhelming evidence of guilt. See

Strickland, 466 U.S. at 687; see also Marshall v. State, 567 S.W.3d 283, 295 (Mo. App. E.D.

2019).

 We agree with the motion court that Movant failed to establish sufficient grounds for

relief and adequate grounds to warrant an evidentiary hearing. Because Movant has failed to

demonstrate deficient performance or prejudice, the motion court did not clearly err in denying

Movant’s Rule 29.15 motion for PCR without an evidentiary hearing.

 9
 Point II is denied.

 IV. Conclusion

 For the foregoing reasons, we find that the motion court did not err in denying Movant’s

motion for PCR without an evidentiary hearing. The judgment of the motion court is affirmed.

 _______________________________
 Colleen Dolan, P.J.

Robert M. Clayton III, J., concurs.
Kelly C. Broniec, J., concurs.

 10